Peggy ABELL, Appellant,

v.

CLARK COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee.

No. 1-280A43.

Court of Appeals of Indiana,
First District.

Aug. 7, 1980.

Carmen Brummet, J. Mark Robinson, Legal Services Organization of Indiana, Inc., New Albany, Peter L. Cassady, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Howard J. Snyder, Snyder & Clary, Cecile A. Blau, Fifer, Vogt & Lanum, Jeffersonville, guardian ad litem for three minor children.

ROBERTSON, Presiding Judge.

Defendant-appellant Peggy Abell appeals a default judgment entered against her in an action to terminate parental rights initiated by the petitioner, Clark County Department of Public Welfare (County Welfare). Due to the important constitutional rights involved, we reverse.

In September, 1977, the three children of Abell were made wards of County Welfare. The action was consented to by Abell, then known as Peggy Jean Patton. On June 19, 1979, County Welfare filed a petition to terminate parental rights, alleging the children to be neglected, abandoned and deserted, that their mother failed to communicate significantly with them for at least the preceding year, and that the children's interest would best be served by terminating the parental rights. Abell was given notice of the petition by publication. In support of this method of service, the director of County Welfare filed an affidavit wherein he averred that the residence of the respondent was unknown, and could not with reasonable diligence be ascertained. On September 5, 1979, Abell was defaulted and her parental rights terminated.

Abell filed a motion to correct errors and a motion for relief from a judgment or order on November 5, 1979, alleging lack of adequate notice and that she had a meritorious defense. These were supported by an affidavit alleging that County Welfare did have knowledge of her whereabouts and that therefore, service by publication was inadequate. As per local trial rules, no hearing was held on the motions due to Abell's failure to file a motion requesting a hearing, and all the motions were denied.

On appeal, Abell argues that notice by publication was insufficient to inform her of the action pending against her, as better service was possible. Because her motion to correct errors and motion for relief from a judgment or order were accompanied by an affidavit alleging that County Welfare knew her address, and since County Welfare did not file a counter affidavit disputing this allegation, we are constrained to agree.

A proceeding to terminate parental rights is basically an *in rem* proceeding, and is governed by Ind. Rules of Procedure, Trial Rule 4.9. T.R. 4.9 allows service of summons to be made by publication pursuant to Indiana Rules of Procedure, Trial Rule 4.13. Service should be made, however, in the best possible manner reasonably calculated to inform the respondent of the pending action.

It is a fundamental precept of due process that the respondent have notice reasonably calculated, under all the circumstances, to apprise the party of the pendency of the action. What is reasonable under the circumstances is determined on a case-by-case basis. *See Mullane v. Central Hanover Bank & Trust Co.*, (1950) 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; *Mueller v. Mueller*, (1972) 259 Ind. 366, 287 N.E.2d 886; *Glennar Mercury-Lincoln, Inc. v. Riley*, (1975) 167 Ind.App. 144, 338 N.E.2d 670.

Indiana Rules of Procedure, Trial Rule 59(G) provides that when error is based on evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds. The opposing party then has fifteen (15) days within which to file counter affidavits. When counter affidavits are not filed, this court must accept as true the facts averred in the moving party's affidavit. *In Re Marriage of Myers*, (1979) Ind.App., 387 N.E.2d 1360; *Roberts v. Watson*, (1977) Ind.App., 359 N.E.2d 615.

Accepting as we must, Abell's averment that County Welfare "did have knowledge of the whereabouts and address

of the Respondent at the time of the filing of this Petition, at least insofar as Respondent had sent Petitioner checks with Respondent's name and address thereon, prior to the filing of this petition[,]" service of process by publication was not constitutionally sufficient to be reasonably calculated to inform Abell under the circumstances as to the pending proceedings.

Consequently, the decision of the trial court is reversed, and the cause remanded with instructions to hold a new hearing on County Welfare's petition, allowing Abell to present her defense. Under the authority of Ind. Rules of Procedure, Appellate Rule 15(N), we direct that the children be kept as wards of County Welfare as per the September, 1977, court order, and that respondent Abell have no greater rights than those afforded under that order.

Judgment reversed and remanded.

NEAL and YOUNG (sitting by designation), JJ., concur.