**William E. HARRIS, Natural Parent of Elliott Harris, Minor Child, Appellant–Respondent,**

v.

**DELAWARE COUNTY DIVISION, OF FAMILY AND CHILDREN SERVICES, Appellee–Petitioner.**

**No. 18A04–0001–JV–7.**

Court of Appeals of Indiana.

July 26, 2000.

Rehearing Denied Sept. 27, 2000.

Alan K. Wilson, Muncie, Indiana, Attorney for Appellant.

**OPINION**

HOFFMAN, Senior Judge

Appellant–Respondent William E. Harris (Harris) appeals the termination of his parental rights by Appellee–Petitioner the Delaware County Division of Family and Children (DCDFC).

We reverse and remand for a new hearing.

Harris presents two issues, one of which we find dispositive: whether DCDFC issued proper notice to Harris of the hearing terminating his parental rights.

Harris and Yvonne Shaw (Shaw) are the parents of E.H. In January 1999, DCDFC filed a petition for the involuntary termination of the parent/child relationship of E.H. Harris attended the initial hearing, but failed to attend the fact-finding hearing terminating his parental rights. He now appeals the decision of the trial court terminating his parental rights in E.H.

Harris contends that the DCDFC provided inadequate notice to apprise him of the fact-finding hearing in the termination of his parental rights. Specifically, he avers that DCDFC did not properly

follow the Indiana Rules of Trial Procedure for service of summons by publication.

The record reveals that an initial hearing was held on February 9, 1999, which Harris attended. He received notice of this hearing by summons sent to the jail where he was incarcerated at the time. At the February hearing, the court set the fact-finding hearing for June 1, 2 and 15, 1999. Notice of the June hearing dates was issued to Harris at an address in Muncie, Indiana. The case was then continued by the court on motion of the office of the Court Appointed Special Advocate. The trial court re-set the hearing for August 31, 1999 and September 7 and 8, 1999. The record does not reveal that any hearings were held on those dates, and it does not divulge the reason for any continuance. However, the record does disclose that the fact-finding hearing was finally held on October 20 and 26, 1999. Notice of the October 20, 1999 hearing was issued to Harris by publication in the local newspaper. Harris was not present at the hearings. He alleges that the notice was inadequate and that he did not receive notice of the hearing.

■ We note that DCDFC did not file a brief in this appeal. Where the appellee fails to file a brief, it is within our discretion to reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Phegley v. Phegley*, 629 N.E.2d 280, 282 (Ind.Ct.App.1994), *reh'g denied, trans. denied.* This rule is not for the benefit of the appellant. Rather, it was established for the protection of the Court so we might be relieved of the burden of controverting the arguments advanced for a reversal when this burden rests with the appellee. *Id.*

Ind.Code § 31–35–2–6.5 provides that the entity who files a petition to terminate the parent/child relationship shall, at least five days before the hearing, send notice of the hearing to the parents of the child. Moreover, this court has stated that a proceeding to terminate parental rights is basically an *in rem* proceeding and, as such, is governed by Ind. Trial Rule 4.9. *Abell v. Clark County Dept. of Public Welfare*, 407 N.E.2d 1209, 1210 (Ind.Ct.App. 1980). T.R. 4.9 allows service of summons to be made by publication pursuant to Ind. Trial Rule 4.13. Ind. Trial Rule 4.13 provides that when notice by publication is to be used, the person or entity seeking service by publication shall submit to the court a request for such service in a praecipe. The praecipe shall be supported by an affidavit stating that a diligent search has been made and that the defendant cannot be found, has concealed his whereabouts, or has left the state.

In the present case, DCDFC filed a praecipe, affidavit and summons for service by publication for Shaw, E.H.'s mother, but it failed to do so with regard to Harris. Instead, DCDFC merely filed the summons to be published for Harris. We further note that the praecipe and affidavit prepared by DCDFC for Shaw named only Shaw and were not joint documents to be applied to both Shaw and Harris. Upon review of the entire record, we find neither a praecipe nor an affidavit, as required by T.R. 4.13, for service by publication upon Harris. Moreover, we note that the trial rule employs the mandatory language of "shall" rather than the permissive language of "may." Therefore, it is not merely a suggestion to counsel seeking service by publication to prepare these specific documents; it is a directive. Thus, DCDFC has failed to properly provide notice by publication to Harris of the fact-finding hearing terminating his parental rights in E.H.

Based upon the foregoing, we conclude that DCDFC did not issue proper notice to Harris of the hearing terminating his parental rights.

Reversed and remanded for a new hearing.

ROBB, J., and BARNES, J., concur.