770 N.E.2d 947 (2002)
In re the Matter of the Involuntary Termination of the Parent Child Relationship of A.C. and D.C., Minor Children and their Father, James Clenna,
James Clenna, Appellant-Respondent,
v.
Marion County Office of Family and Children, Appellee-Petitioner, and
Child Advocates, Inc., Appellee-Guardian ad Litem.
No. 49A02-0108-JV-521.
Court of Appeals of Indiana.
July 2, 2002.
*948 Steven J. Halbert, Indianapolis, IN, Attorney for Appellant.
Jacquelyn F. Moore, Indianapolis, IN, Attorneys for Appellees Marion County Office of Family & Children.
Scott Newton, Indianapolis, IN, Attorneys for Appellees Child Advocates, Inc.

OPINION
KIRSCH, Judge.
James Clenna appeals the judgment of the trial court terminating his parental rights to A.C., his minor child. He raises the following issues for review:
I. Whether he received adequate notice of the termination hearing.
II. Whether there was sufficient evidence that the Marion County Office of Family and Children ("MCOFC") notified him of the hearing date by letter.
We affirm.

FACTS AND PROCEDURAL HISTORY
MCOFC filed a petition to terminate Clenna's parental rights to A.C. The petition and summons were served by publication. The hearing on the petition was set for March 19, 2001, but the court concluded that Clenna had not been given adequate notice of the hearing, and continued the hearing to May 25, 2001.
On March 22, 2001, MCOFC sent a letter to Clenna at the address he provided, 6715 E. Meadowlark Street in Indianapolis, stating that the termination hearing would be held on May 25, 2001. Clenna did not appear at the hearing, and the trial court conducted the hearing over Clenna's counsel's objection to doing so in Clenna's absence. Clenna's counsel withdrew at the start of the hearing. After the hearing, the trial court issued an order terminating Clenna's parental rights. He now appeals.

*949 DISCUSSION AND DECISION
Clenna argues that the notice of the termination hearing he was given did not comply with applicable statutory requirements. A proceeding to terminate parental rights is basically an in rem proceeding and is governed by the Indiana Rules of Procedure. Abell v. Clark County Dept. of Pub. Welfare, 407 N.E.2d 1209, 1210 (Ind.Ct.App.1980). Trial Rule 4.9 allows service of summons to be made by publication pursuant to Trial Rule 4.13. Id. Service should be made, however, in the best possible manner reasonably calculated to inform the respondent of the pending action. Id.
T.R. 4.13 provides that service may be had by publication after submission of a request and praecipe for summons along with supporting affidavits stating that a diligent search has been made and that the defendant cannot be found, has concealed his whereabouts, or has left the state. As applicable here, the notice must contain the following information: (1) the name of the person being sued, the person to whom the notice is directed, and a statement that the person's whereabouts are unknown; (2) the name of the court and cause number assigned to the case; (3) the title of the case as shown by the complaint; (4) the name and address of the attorney representing the person seeking service; (5) a brief statement of the nature of the suit, including a description of the relationship involved in the action, and a statement that the person being sued claims some interest therein; (6) a statement that the person being sued must respond within thirty days after the last notice of the action is published, and in case he fails to do so, judgment by default may be entered against him for the relief demanded in the complaint. This notice must be published three times at least seven but not more than fourteen days apart each in a newspaper in that county. Id.
In this case, Clenna received service by publication of the filing of the petition to terminate his parental rights to A.C. The record before us reflects that after the petition was filed, MCOFC published service to Clenna informing him that an action had been filed to terminate his parental rights to A.C. and that if he failed to appear and answer the allegations in the petition, a default judgment could be entered against him. The notice contained the court name and cause number, the title of the action, and the name and address of MCOFC's attorney. It appeared once in each of three consecutive weeks in a newspaper circulated in Marion County. Thus, MCOFC complied with the service requirements of the Indiana Rules of Procedure.
Presumably because of the great interests at stake in termination proceedings, our legislature has enacted an additional notice requirement in this context. IC XX-XX-X-X.5(b) requires the person or entity who filed the petition to terminate the parent-child relationship to send notice of the termination hearing at least ten days prior to the hearing date to a number of interested persons, including the parents. Again, the record reflects that MCOFC sent a letter to Clenna at the address provided to it several weeks prior to the final termination hearing. Thus, the statutory notice requirement for termination hearings has also been met.
Clenna cites Harris v. Delaware County Div. of Family & Children Servs., 732 N.E.2d 248 (Ind.Ct.App.2000) for the proposition that he was entitled to service of process specifically for the termination hearing. While we acknowledge Harris, we note that in that case, the appellee failed to file a brief. Thus, the court applied the lower standard of "a prima facie showing of reversible error." Id. at 249.
*950 Moreover, Harris is factually distinguishable. In Harris, the father received notice of the hearing date on the termination petition, but the hearing was continued by the court. The father did not receive notice of the continued hearing, and it was that omission that led to our decision to reverse.
By contrast, here, MCOFC did file a brief, and therefore our normal standard of review applies. Applying that standard to these facts, we hold that the notice given Clenna was adequate. While service of process serves to provide notice of the proceeding, it has a constitutional component and is a prerequisite to jurisdiction. The notice of the hearing which is required by IC XX-XX-X-X.5 is a statutory procedural requirement which does not rise to constitutional dimension. Paragraph (b) of the statute provides that the petitioner shall "send notice." It does not provide for service of process. Trial Rules 4 to 4.17 govern service of process. Rule 5 governs service of subsequent papers and pleadings in the action; Trial Rule 5(B) sets out how service can be accomplished. Trial Rule 5(B)(2) specifically authorizes service by mail.
Here, MCOFC served process of the petition on Clenna. Thus, the trial court had jurisdiction and was constitutionally impowered to act. MCOFC served the notice of hearing upon Clenna's attorney and sent notice to Clenna at his last known address. Thus, both the statute and the trial rules were satisfied. To the extent that Harris seems to require service of process for the fact-finding hearing, we decline to follow it.
No constitutional, statutory, or procedural provision requires service of the notice of the hearing to rise to the same level as service of process. To impose such a requirement would permit a parent or other party entitled to notice to frustrate the process by failing to provide a correct address and would add unnecessarily to the expense and delay in termination proceedings when existing provisions adequately safeguard a parent's due process rights. Accordingly, we hold that under these facts, Clenna received adequate notice of the hearing on MCOFC's termination petition.[1]
Clenna further contends that MCOFC presented insufficient evidence at the termination hearing that it sent the letter to him notifying him of the termination hearing. At the hearing, Gretchen Gentry, the family case manager at MCOFC with responsibility for A.C., testified that she was familiar with the file in the case, and that the March 25, 2001 letter introduced into evidence was the same as the copy in her case file. She testified that the author, Bridget Bennett, is a paralegal at MCOFC.
Clenna argues that the letter should not have been admitted both because the foundation was insufficient and because it was hearsay. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. Steuben County v. Family Dev. Ltd., 753 N.E.2d 693, 696 (Ind.Ct.App.2001). We will reverse *951 such an exercise of discretion only when the decision is clearly against the logic and effect of the facts and the circumstances. Id.
Clenna argues that the foundation for the letter was insufficient. Indiana Rule of Evidence 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Moreover, Rule 901(b)(1) provides that evidence may be authenticated by the testimony of a witness with knowledge that a matter is what it is claimed to be. Herrera v. State, 710 N.E.2d 931, 938 (Ind.Ct.App.1999).
Under this rule, exhibits must be authenticated or identified prior to their admission into evidence. Cohen v. State, 714 N.E.2d 1168, 1174 (Ind.Ct.App.1999), trans. denied by Glenn v. State, 726 N.E.2d 308 (1999); Herrera, 710 N.E.2d at 938. To establish a proper foundation for the admission of exhibits, there must be a reasonable probability that the exhibit is what it purports to be and that its condition is substantially unchanged as to any material feature. Cohen, 714 N.E.2d at 1174; Herrera, 710 N.E.2d at 938; Lahr v. State, 640 N.E.2d 756, 761 (Ind.Ct.App. 1994), trans. denied. Absolute proof of authenticity is not necessary. Cohen, 714 N.E.2d at 1174; Lahr, 640 N.E.2d at 761. Rather, a proper foundation for the introduction of physical evidence is laid if a witness is able to identify the item and the item is relevant to the disposition of the case. Cohen, 714 N.E.2d at 1174.
In Herrera, 710 N.E.2d at 938, a defendant challenged the foundation of documents admitted into evidence at trial. A co-conspirator testified that he had seen the defendant prepare the documents and that they were in substantially the same condition as when the co-conspirator received them. We held that this testimony was sufficient to authenticate the documents. Id.
Similarly, in Lahr, 640 N.E.2d at 761, another defendant challenged a note admitted into evidence as lacking adequate foundation. A trustee identified the note as the one he received from the defendant. The intended recipient of the note also testified that he recognized the defendant's handwriting and that the note had been written by him. We held that the note was adequately identified, and its admission was not error. Id.
Here, Gentry testified that Bennett prepared the letter to Clenna as part of her duties as a paralegal at MCOFC and that a copy of it was in her case file. From this testimony, the trial court could conclude that there was a reasonable probability that the letter was what it purported to be, that is, a notification letter from MCOFC to Clenna. The trial court did not abuse its discretion in determining that this evidentiary foundation was sufficient.
Clenna also maintains that the letter was inadmissible hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Rule of Evidence 801(c). A statement is not hearsay if offered for another purpose. Bufkin v. State, 700 N.E.2d 1147, 1150 (Ind.1998).
In Utley v. Healy, 663 N.E.2d 229, 232-33 (Ind.Ct.App.1996), trans. denied, the defendant in a personal injury suit arising from a car accident, attempting to shift responsibility to the city, offered a street department work order indicating a problem with the intersection where the accident took place. The trial court admitted the work order over an objection that the document was hearsay. We held that admission *952 of the work order was proper for the non-hearsay purpose of establishing that the city had notice of a dangerous situation, which was relevant to the defendant's non-party defense. Id.
Similarly, here, the letter was not hearsay because it was offered not for the truth of the matter asserted, that is, to establish that there would be a court hearing on May 25, 2001. Instead, it was offered for the non-hearsay purpose of establishing that MCOFC sent a notification letter to Clenna. Accordingly, the trial court did not err in admitting the letter over the hearsay objection of Clenna's counsel. The letter was sufficient evidence that MCOFC complied with the notice requirement of IC XX-XX-X-X.5(b).
Affirmed.
SULLIVAN, J., concurs.
ROBB, J., concurs with separate opinion.
ROBB, Judge, concurring in result with separate opinion.
I reach the same conclusion as does the majority but write separately to explain my disagreement with a portion of the majority's characterization of Harris v. Delaware County Div. Of Family & Children Servs., 732 N.E.2d 248 (Ind.Ct.App. 2000). I disagree regarding the characterization of Harris to the extent the majority implies our decision in that case resulted from our application of a lesser standard of review due to the appellee's failure to file a brief. Rather, we determined the Delaware County Division failed to give notice to Harris by publication because he was incarcerated at the time, and therefore the County knew exactly where he was. In other words, the decision in Harris did not hinge upon the County using an improper method of notice; rather, it turned upon a lack of notice to the father. It was this issue, not the application of a lesser standard of review, that caused our decision to reverse.
However, I agree with the majority that Harris is factually distinguishable from the present case, and thus I concur in the majority's result.
NOTES
[1] Clenna also cites this court's opinion in In re D.L.M., 725 N.E.2d 981 (Ind.Ct.App.2000) in support of his argument that service of process of the termination hearing was required by the statute. However, in that case, the issue before the court was whether service of notice of a termination hearing to a party's attorney was sufficient to comply with the statute. We held that given the language of the statute and the important interests at stake, the party herself must be served, and service of notice to the party's attorney is inadequate. Here, by contrast, MCOFC did serve Clenna and his attorney with notice of the hearing. Thus, D.L.M. is inapposite.