Frank J. GRABOWSKI, Jane M. Grabowski, Shoreland Hills Homeowners Association; all Heirs Devisees, Legatees, Transferees, Trustees, Executors, Administrators, Assigns, and Successors in Interest of any of the Above–Named Defendants; and all Other Persons, Known or Unknown, Claiming any Right, Title, Estate, Lien or Interest of any kind in the Real Property Described in the Complaint adverse to Plaintiffs' Ownership, or Constituting any Cloud on Plaintiffs' Title Thereto, Appellant–Defendants,[1]

v.

Brian WATERS and Richard Klare, Appellees–Plaintiffs.

No. 46A05–0808–CV–498.

Court of Appeals of Indiana.

Feb. 20, 2009.

Transfer Denied May 14, 2009.

---

1. The only appellant in the instant appeal is Thomas Grabowski, heir to Frank and Jane Grabowski. Pursuant to Indiana Appellate Rule 17, however, a party of record in the trial court shall be a party on appeal.

George P. Galanos, Crown Point, IN, Attorney for Appellant.

Steven A. Hale, Michigan City, IN, Attorney for Appellees.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Thomas Grabowski ("Thomas") appeals the trial court's denial of his motion to set aside a default judgment entered in favor of Appellees–Plaintiffs Brian Waters and Richard Klare (collectively, "Plaintiffs") in their action to quiet title to certain real estate previously owned by Thomas's parents, Frank and Jane Grabowski ("the Grabowskis"). Upon appeal, Thomas claims that the default judgment is void for lack of personal jurisdiction due to improper service of process. We affirm.

### FACTS AND PROCEDURAL HISTORY

The Grabowskis owned a piece of unim-

proved real property in LaPorte County.[2] Jane died on March 17, 1977, and Frank died on January 2, 2000. To Thomas's knowledge, no estate proceedings were opened following either of the Grabowskis' deaths.

On October 14, 2005, Waters purchased a Tax Sale Certificate for the property, which had been recorded as delinquent for nonpayment of taxes. Waters assigned one half of his interest in the property to Klare. Neither Waters nor Klare knew the owners of the property or that they were deceased. On October 14, 2005, the LaPorte County Auditor issued a Tax Sale Certificate to Plaintiffs. According to Waters, after receiving this certificate, he reviewed LaPorte County real estate tax records and determined that the Grabowskis were the owners of the property and that their address was in Whiting, Indiana, in Lake County. On January 31, 2006, Plaintiffs sent notice of the tax sale by certified mail to the Grabowskis at their Whiting, Indiana address. On February 8, 2006, Plaintiffs sent a duplicate notice to the Grabowskis' Whiting address. These notices were returned as undeliverable. On January 30, 2007, the LaPorte County Auditor issued Plaintiffs a tax deed to the property.

On February 23, 2007, Plaintiffs filed a complaint for declaratory judgment to quiet title to the property, listing the Grabowskis, their heirs, and their successors in interest among the defendants. In their complaint, Plaintiffs stated that, according to public records, the Grabowskis' address was in Whiting, Indiana, in Lake County. That same day, Plaintiffs filed a praecipe requesting separate service by the Clerk via certified mail to each of the Grabowskis

at their Whiting address. Because prior efforts at serving the Grabowskis had proven unsuccessful, the praecipe further requested that the Clerk serve the Grabowskis by publication in the Michigan City *News Dispatch* newspaper in LaPorte County pursuant to the requirements of Trial Rule 4.13. In requesting service by publication, Waters signed an affidavit indicating that the Grabowskis' Whiting address was obtained from public records which were at least ten years old, that a diligent search had been made to update the records, and that more reliable information concerning their whereabouts could not be found. Service of process, both by certified mail in Lake County and publication in LaPorte County as requested, did not yield a response.

On April 16, 2007, Plaintiffs filed a motion for default judgment and an accompanying affidavit averring that summons by publication was made in the Michigan City *News–Dispatch* on February 27, 2007; March 6, 2007; and March 13, 2007, constituting three successive weeks, and that none of the defendants had responded. On April 16, 2007, the trial court entered a default judgment in favor of Plaintiffs, quieting title to the property in their favor and declaring them owners thereof in fee simple, free from any rights or interests of any other persons, including the Grabowskis and their heirs and successors in interest.

On February 1, 2008, Thomas, who is the Grabowskis' son and heir, filed a motion to set aside the April 16, 2007 default judgment on the grounds that service of process by publication had been defective and that the default judgment was there-

2. The property is described as follows: Lot 16 in Block 10 in Shoreland Hills Subdivision No. 1, which is recorded in Plat Book 8 page 37, in the Office of the Recorder of LaPorte County, Indiana. It is also described as follows: Parcel No. 42–01–13–109–004, SHORELAND HILLS SD 1 LT 16 BLK 10.

fore void.[3] Following a May 29, 2008 hearing, the trial court rejected Thomas's claim that service of process was defective and denied Thomas's motion. This appeal follows.

## DISCUSSION AND DECISION

### I. Standard of Review

■ Upon appeal, Thomas challenges the trial court's default judgment on the grounds that it was rendered without personal jurisdiction over him and is therefore void. Personal jurisdiction is a question of law. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 965 (Ind.2006) (citing *Anthem Ins. Co. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1237 (Ind.2000), *superseded by rule on other grounds* ). As with other questions of law, a determination of the existence of personal jurisdiction is entitled to *de novo* review by appellate courts. *Id.* This court does not defer to the trial court's legal conclusion as to whether personal jurisdiction exists. *Id.* However, personal jurisdiction turns on facts, and findings of fact by the trial court are reviewed for clear error. *Id.* Clear error exists where the record does not offer facts or inferences to support the trial court's findings or conclusions of law. *Rogers v. Rogers*, 876 N.E.2d 1121, 1126 (Ind.Ct.App.2007), *trans. denied.*

### II. Applicable Law

■ Ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 659 (Ind.Ct.App. 2001). A judgment rendered without personal jurisdiction over a defendant violates due process and is void. *See Stidham v.*

*Whelchel,* 698 N.E.2d 1152, 1154 (Ind. 1998). A void judgment is a complete nullity and may be attacked at any time. *See id.* at 1154, 1156.

The question as to whether process was sufficient to permit a trial court to exercise jurisdiction over a party involves two issues: whether there was compliance with the Indiana Trial Rules regarding service, and whether such attempts at service comported with the Due Process Clause of the Fourteenth Amendment. *See In re Adoption of D.C.*, 887 N.E.2d 950, 955–56 (Ind. Ct.App.2008) (citing *Munster v. Groce*, 829 N.E.2d 52, 58 (Ind.Ct.App.2005)).

### III. Analysis

#### A. Compliance with Trial Rules

■ There is no dispute that, as the trial court found, Plaintiffs attempted service by certified mail to the Grabowskis pursuant to Trial Rule 4.1, and this was unsuccessful. Plaintiffs also attempted service by publication to the Grabowskis and their heirs and successors in interest, which both parties agree is governed by Trial Rule 4.13.

Indiana Trial Rule 4.13 provides the following, in pertinent part, for service by publication:

> **(A) Praecipe for summons by publication.** In any action where notice by publication is permitted by these rules or by statute, service may be made by publication. Summons by publication may name all the persons to be served, and separate publications with respect to each party shall not be required. The person seeking such service, or his attorney, shall submit his request therefor upon the praecipe for summons *along with supporting affidavits that diligent search has been made that the defendant*

---

**3.** Thomas, who had visited the property a couple of times with his father when he was approximately eighteen years old, forgot about the property and did not return until September 2007, approximately twenty-five years later.

*cannot be found,* has concealed his whereabouts, or has left the state, and shall prepare the contents of the summons to be published. The summons shall be signed by the clerk of the court or the sheriff in such manner as to indicate that it is made by his authority.

\* \* \*

**(C) Publication of summons.** The summons shall be published three [3] times by the clerk or person making it, the first publication promptly and each two [2] succeeding publications at least seven [7] and not more than fourteen [14] days after the prior publication, in a newspaper authorized by law to publish notices, *and published in the county where the complaint or action is filed, where the res is located, or where the defendant resides or where he was known last to reside.* If no newspaper is published in the county, then the summons shall be published in the county in this state nearest thereto in which any such paper may be printed, or in a place specially ordered by the court. The person seeking the service or his attorney may designate any qualified newspaper, and if he fails to do so, the selection may be made by the clerk.

(Emphases supplied).

### 1. Rule 4.13(A)

Thomas claims that Plaintiffs failed to comport with the requirements of Trial Rule 4.13(A) because Waters' affidavit of due diligence accompanying the praecipe did not detail his diligent search or specify alternative efforts he had made in determining that the Grabowskis or their heirs and successors in interest could not be found. In his affidavit accompanying the praecipe requesting publication, Waters averred that he had purchased the property at a tax sale; that public records indi-

cated the Grabowskis had legal title to this property; that their address was in Whiting, Indiana, located in Lake County; that the records revealing the Grabowskis' names and address were at least ten years old; that a diligent search had been made to update these records; that more reliable information concerning the Grabowskis' whereabouts could not be found; and that diligent search had been made for all other defendants and that their certain whereabouts could not be found.

We are unpersuaded that Plaintiffs failed to comport with the requirements of Trial Rule 4.13(A), which requires only that the person seeking service by publication execute an affidavit, to accompany his praecipe for summons by publication, indicating that diligent efforts have been made that the defendants cannot be found. As evidenced by the terms in Waters's affidavit, Plaintiffs complied with the plain language of Trial Rule 4.13. *See Harris v. Delaware County Div. of Family & Children Servs.,* 732 N.E.2d 248, 249 (Ind.Ct. App.2000) (finding Rule 4.13 violation where neither praecipe nor affidavit was filed). Although Thomas argues that the "diligent search" requirement contemplates more specificity than an affirmation that a diligent search was made and proved fruitless, Thomas provides no authority for, nor does the plain language of the rule support, that interpretation.

In any event, even if the "diligent search" requirement of Rule 4.13 were interpreted to require a more detailed recitation of a plaintiff's search efforts, Indiana Trial Rule 4.15(F) provides that "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." Accord-

ingly, our ultimate evaluation of this issue is determined by whether the summons was reasonably calculated to inform the defendants in the instant case of the action at issue. *See Munster,* 829 N.E.2d at 60–61 (evaluating adequacy of "bare-bones affidavit" through due process analysis).

## 2. Rule 4.13(C)

Thomas does not dispute the plain language of Rule 4.13(C), which provides that service by publication may occur in the county where the complaint or action is filed, where the res is located, or where the defendant resides or was last known to reside. Because this rule is written in the disjunctive, service at any of the above locations is permissible under the plain language of the rule. In the instant case, Plaintiffs published notice in LaPorte County, which was the county where the action was filed and where the property, or res, was located, pursuant to the first and second options under Rule 4.13(C). It is Thomas's position, however, that Plaintiffs' failure to publish the summons based upon the third option, namely in Lake County where the Grabowskis were last known to reside, and where he resides, violates due process.

## B. Due Process

■■■■ In evaluating Thomas's challenge and the adequacy of the summons in this case, we bear in mind Thomas's constitutional due process protections. " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Munster,* 829 N.E.2d at 58 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)); *see D.C.,* 887 N.E.2d at 957. " '[W]hen notice is a person's due, process which is a

mere gesture is not due process. The means employed must be such as one desirous of actually informing the [defendant] might reasonably adopt to accomplish it.' " *Munster,* 829 N.E.2d at 58 (quoting *Mullane,* 339 U.S. at 315, 70 S.Ct. 652).

■■■■ Regarding service by publication, " 'the Due Process Clause requires that in order for constructive notice of a lawsuit to be sufficient, a party must exercise due diligence in attempting to locate a litigant's whereabouts.' " *Munster,* 829 N.E.2d at 60, *quoted in Goodson v. Carlson,* 888 N.E.2d 217, 221 (Ind.Ct.App. 2008). "Accordingly, in order for constructive service 'to be constitutionally effective there must be a showing by the plaintiff or party who sought such service that due diligence to ascertain the defendant's current whereabouts was exercised and service' through publication was reasonable under the circumstances." *Goodson,* 888 N.E.2d at 221 (quoting *Munster,* 829 N.E.2d at 60–61).

Thomas argues that Plaintiffs used only one method in attempting to locate the defendants, which he argues was constitutionally inadequate. We acknowledge that a plaintiff's use of only one method to determine a defendant's address may not constitute due diligence if, for example, the method at issue reveals an address or lead which the plaintiff does not pursue. *See id.* at 221–22 (finding lack of due diligence where plaintiff, who was in automobile accident with defendant, obtained defendant's BMV records but failed to serve him at the address of record and had information about defendant's insurance company but failed to request his address). Here, however, Thomas fails to point to any information in the record suggesting that Plaintiffs' search in the instant case was not diligent. Plaintiffs purchased the property in dispute, which was subject to a

tax delinquency, at a tax sale, without contact with or from the Grabowskis; a public records and title insurance search revealed that the Grabowskis were the owners and that they had one listed address, to which Plaintiffs sent them summonses by certified mail; and service by publication to the Grabowskis and to their unnamed successors in interest, about whom there is no evidence that additional information was available, was another effort at service of process.

 Thomas further argues that publication of summons in LaPorte County, rather than in Lake County, the county of his and the Grabowskis' last-known residence, demonstrates it was not reasonably calculated to apprise the Grabowskis or their successors in interest of the proceedings against them. Yet Thomas fails to point to any evidence from the record indicating that the Plaintiffs should have known, or upon due diligence would have discovered, that the Grabowskis' connections to Lake County extended beyond their home address, where the Plaintiffs served a summons to no avail, or that publication of the summons in Lake County was likely to uncover their unnamed heirs or successors in interest.

In support of his position, Thomas relies upon multiple cases, among them *Munster*, 829 N.E.2d at 61 (finding named defendant's due process rights violated where service regarding action against him was made via Secretary of State to known invalid address and record was devoid of information regarding attempts to locate his whereabouts); *Smith v. Tisdal*, 484 N.E.2d 42, 44 (Ind.Ct.App.1985) (finding mere service by publication in Indiana and accompanying failure to serve Mother at her last known Alaska address violated Mother's due process rights in adoption case); *Abell v. Clark County Dep't of Pub. Welfare*, 407 N.E.2d 1209–11 (Ind.Ct.App.

1980) (reversing default judgment terminating Mother's parental rights, when service of process was by publication only, and undisputed facts indicated that Mother's address was known), and *Milosavljevic v. Brooks*, 55 F.R.D. 543, 550 (N.D.Ind. 1972) (endorsing service by publication in last-known county of residence of known defendant where record suggested defendant was attempting to conceal her location). Yet in each of these cases the analysis at issue involves the reasonableness of efforts to apprise known parties of an action against them.

Here, Thomas was an unnamed, unknown defendant; the Grabowskis were deceased with no known executor or personal representative; and the *in rem* action at issue sought to quiet title to a piece of real property located in LaPorte County. In the absence of evidence showing available information at the time suggesting a more logical site for publication, we are persuaded that the Plaintiffs' decision to publish notice to these parties in the county where the property was located was reasonably calculated to apprise them of the action at issue. In the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights. *Mullane*, 339 U.S. at 317, 70 S.Ct. 652.

## IV. Conclusion

Because the instant case involved tax-sale property previously owned by now-deceased persons lacking an estate or named representative, and given the Plaintiffs' efforts to serve these persons and their unnamed heirs and successors in interest both at their last known address and by publication in the county where the property at issue is located, we agree with the trial court that such notice was reason-

ably calculated to apprise the persons and their unnamed successors in interest, including Thomas, of the instant action. This is so especially in light of the fact that the record lacks evidence demonstrating how a more diligent search would have revealed the identities or locations of interested parties. Accordingly, we affirm the trial court's denial of Thomas's motion to set aside the default judgment against him.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and MAY, J., concur.