D.L.D., Appellant–Respondent,

v.

L.D., Appellee–Petitioner.

No. 29A04–0811–CV–659.

Court of Appeals of Indiana.

Aug. 21, 2009.

Rehearing Denied Oct. 20, 2009.

John J. Uskert, Marcus Law Firm, Fishers, IN, Attorney for Appellant.

Christopher C. Zoeller, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

D.L.D. ("Father") appeals the denial of his motion to correct error, which challenged the denial of his Indiana Trial Rule 60(B)(6) motion to set aside a dissolution decree, custody order, and property settlement obtained by L.D. ("Mother"). We affirm.

## Issues

Father presents two issues for review:

I.    Whether he is entitled to relief pursuant to Trial Rule 60(B)(6) because he was not adequately served with notice so that the trial court acquired personal jurisdiction over him; and

II.    Whether he is entitled to relief pursuant to Trial Rule 60(B)(8) because he did not waive a final hearing yet none was conducted.

## Facts and Procedural History

Father and Mother were married on December 11, 2002, and separated in October of 2003. The only child of the marriage, A.D., was born on December 1, 2003. Father visited A.D. early in her infancy; however, his contact with Mother and A.D. ceased in December of 2003 or January of 2004. On May 13, 2004, Mother filed a petition for dissolution. Two months later, Mother was deployed to Kosovo, leaving A.D. to be temporarily cared for by A.D.'s maternal grandmother.

Father was not located during the pendency of the dissolution petition. Mother's successive attorneys unsuccessfully attempted certified mail service of the dissolution petition, and then thrice published notice of the pending action in the Noblesville Times newspaper.[1] When Mother's attorney requested that final hearing be waived and the dissolution petition granted, the trial court noted the absence of an Indiana Trial Rule 4.13(A) praecipe for summons by publication, to be accompanied by an affidavit indicating that diligent location efforts had been made. The trial court indicated that, assuming Mother could execute an affidavit and forward it

from Kosovo, the trial court would enter a Nunc Pro Tunc order approving summons by publication. Mother executed the requisite affidavit, and the trial court dissolved the parties' marriage on February 9, 2005. No final hearing was conducted.

Mother returned from Kosovo and remarried. She, her new husband, and A.D. moved to Lynn, Indiana. Mother gave birth to her second child. In January of 2008, a Town of Lynn police officer contacted Mother with the information that Father was trying to locate her. Mother contacted Father at the telephone number provided by the police officer and advised Father that they were divorced.

On March 24, 2008, Father petitioned to set aside the three-year-old dissolution decree. The trial court conducted a hearing on August 21, 2008, at which testimony was received and argument of counsel was heard. Father claimed that he did not receive adequate notice of the petition for dissolution and that therefore the decree was void for lack of personal jurisdiction. He also claimed that the judgment should be set aside because the dissolution court did not conduct a final hearing and he had not waived his right to a final hearing. On September 17, 2008, the trial court entered its findings of fact, conclusions of law, and order denying Father's motion for relief. Father filed a motion to correct error, which was summarily denied. He now appeals.

## Discussion and Decision

### I.  *Claim for Relief under Trial Rule 60(B)(6)*

Indiana Trial Rule 60(B) provides in pertinent part: "On motion and upon such terms as are just the court may relieve a party or his legal representative

---

1.  Mother's first attorney was deployed overseas in the Armed Forces and moved to withdraw his representation.

from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: ... (6) The judgment is void[.]" Normally, this Court employs an abuse of discretion standard in reviewing a trial court's ruling on a motion to set aside a judgment. *Rice v. Comm'r, Ind. Dept. of Envtl. Mgmt.*, 782 N.E.2d 1000, 1003 (Ind.Ct.App.2003). However, when a motion for relief from judgment is made pursuant to Trial Rule 60(B)(6), alleging that the judgment is void, discretion on the part of the trial court is not employed because either the judgment is void or it is valid. *Id.*[2]

■ At the outset, we observe that Father's argument that the judgment is void is premised upon the incorrect assumption that a trial court may not dissolve a marriage without acquiring personal jurisdiction over the absent party. A dissolution of marriage proceeding has historically contained two principal elements, i.e., the divorce and the adjudication of the incidences of marriage. *In re Marriage of Rinderknecht*, 174 Ind.App. 382, 388, 367 N.E.2d 1128, 1133 (1977). The changing of the parties' status from married to unmarried has been denominated as an in rem proceeding, and the trial court may, upon *ex parte* request of a resident party,[3] dissolve a marriage without obtaining personal jurisdiction over the other party. *Id.* However, in personam jurisdiction over both parties is required to adjudicate the parties' property rights. *Id.* Accordingly, a separate panel of this Court has deter-

mined that a dissolution decree granting a divorce only, and not affecting rights in separate property, should not be set aside under the equitable remedy of Trial Rule 60(B), even though it was uncontroverted that the husband had failed to use due diligence in trying to secure the wife's service with process. *Persinger v. Persinger*, 531 N.E.2d 502, 503 (Ind.Ct.App. 1987).

■ In this case, it is uncontested that Mother was a resident of Hamilton County. Thus, the Hamilton Superior Court had in rem jurisdiction to dissolve Father's and Mother's marriage. There existed no marital property or debts for division. As for an initial custody determination, it is in effect an adjudication of a child's status, and a separate panel of this court has held that a trial court may adjudicate custody without acquiring personal jurisdiction over an absent parent "given reasonable attempts to furnish notice of the proceedings." *In re Marriage of Hudson*, 434 N.E.2d 107, 117 (Ind.Ct.App.1982).[4] The record herein reveals that Father was an absent parent and Mother made reasonable attempts to furnish notice. As such, Father may not collaterally attack the decree provision awarding custody of A.D. to Mother by claiming it is void.

■ Finally, the trial court adjudicated the matter of child support, ordering Father to pay $47.34 weekly. A support order is incident to marriage and requires

---

2. Generally, with a Trial Rule 60(B) motion, the claimant must not only show mistake, surprise, or excusable neglect, but must also make a prima facie showing that a different result would be reached if the case were tried on the merits. T.R. 60(B). Nevertheless, if the judgment is void *ab initio*, a Trial Rule 60(B) claimant need not show a meritorious claim or defense. *Moore v. Terre Haute First Nat'l Bank*, 582 N.E.2d 474, 476–77 (Ind.Ct. App.1991).

3. The residency of one party satisfies the minimum contact necessary for the exercise of such in rem jurisdiction. *See Rinderknecht*, 174 Ind.App. at 391, 367 N.E.2d at 1134–35.

4. A.D. was born in Indiana and remained in Indiana continuously since her birth. Father has not alleged that Indiana was not the appropriate forum for a custody determination.

in personam jurisdiction of both parties. *Johnston v. Johnston,* 825 N.E.2d 958, 963 (Ind.Ct.App.2005). Therefore, we next consider whether in personam jurisdiction over Father was obtained.

██ "The existence of personal jurisdiction over a defendant is a question of law and a constitutional requirement to rendering a valid judgment[.] ... Thus, we review a trial court's determination regarding personal jurisdiction de novo." *Munster v. Groce,* 829 N.E.2d 52, 57 (Ind. Ct.App.2005). Although we do not defer to the trial court's legal conclusion as to its existence, personal jurisdiction turns on facts; accordingly, findings of fact by the trial court are reviewed for clear error. *Grabowski v. Waters,* 901 N.E.2d 560, 563 (Ind.Ct.App.2009), *trans. denied.* Clear error exists where the record does not offer facts or inferences to support the trial court's findings or conclusions of law. *Id.*

██ The question as to whether process was sufficient to permit a trial court to exercise jurisdiction over a party involves two inquiries: whether there was compliance with the Indiana Trial Rules regarding service, and whether the attempts at service comported with the Due Process Clause of the Fourteenth Amendment. *Id.* It is commonly understood that procedural due process includes notice and an opportunity to be heard. *Trigg v. Al–Khazali,* 881 N.E.2d 699, 702 (Ind.Ct.App. 2008), *reh'g denied.*

Here, it is undisputed that Mother attempted service by certified mail at Father's last known address. The certified mail was returned by the post office with the designation of no forwarding address. Mother also provided location information to the Hamilton County Prosecutor's Office; the location efforts of that office were unsuccessful. Ultimately, Mother turned to service by publication. Father asks us to determine that there was insufficient notice and to reverse the trial court's denial of relief.

Indiana Trial Rule 4.13 provides for service by publication, stating in relevant part:

> In any action where notice by publication is permitted by these rules or by statute, service may be made by publication. Summons by publication may name all the persons to be served, and separate publications with respect to each party shall not be required. The person seeking such service, or his attorney, shall submit his request therefor upon the praecipe for summons along with supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state, and shall prepare the contents of the summons to be published. The summons shall be signed by the clerk of the court or the sheriff in such manner as to indicate that it is made by his authority.

Father argues that his service by publication did not comport with the requirements of Trial Rule 4.13(A) because Mother's affidavit was submitted after the publication and because she did not try to serve him at his last known employer's place of business.

In her affidavit, Mother averred that she had been unable to locate Father since their separation, she had gone to his last known residence and discovered that he had been evicted, she tried to locate Father at his best friend's house, she placed a telephone call to that friend and also attempted to contact Father's mother. Mother further averred that, during her deployment to Kosovo, A.D. had remained at the home of her maternal grandmother, without receiving any communication from Father. Finally, Mother averred that she

had "made diligent efforts to locate [Father] both before and after the publication of summons." (Appellee's App. 12.)

The trial court, pursuant to a Nunc Pro Tunc order, approved service by publication. Father provides no authority for the proposition that compliance with Rule 4.13(A) cannot be achieved with the implementation of a Nunc Pro Tunc order, nor does he point to any requirement that service must be attempted at a party's place of employment prior to publication. Father has not persuaded us that his service by publication failed to comport with Trial Rule 4.13(A). Moreover, Indiana Trial Rule 4.15(F) provides, "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him[.]" Thus, the trial rules provide for the validity of summonses that are technically defective but satisfy due process.

■■■■■ Regarding service by publication, the Due Process Clause requires that a party must exercise due diligence in attempting to locate a litigant's whereabouts in order for constructive notice of a lawsuit to be sufficient. *Goodson v. Carlson*, 888 N.E.2d 217, 221 (Ind.Ct.App. 2008). Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

The circumstances surrounding the provision of notice to Father include his voluntary absence from his child's life shortly after her birth. The trial court's Chrono-

logical Case Summary indicates that the summons sent by certified mail was returned with the designation "no forward order on file." (App.1.) A subsequent notice from the court regarding the "Children Cope with Divorce" program was mailed to Father's last known address and returned with the notation "Moved Left No Address.. Unable to Forward." (App.2.) A.D.'s grandmother testified that she had financially supported A.D. and that she and Mother employed the assistance of the Hamilton County Prosecutor's Office to locate Father and obtain child support; however, the location efforts were unsuccessful.

Mother testified that she went to Father's apartment, only to find that he had been evicted and that rental office personnel could provide no information as to his whereabouts. Mother also made several unsuccessful attempts to contact Father's best friend. After unsuccessful efforts to locate Father physically or by mail, Mother caused notice to be published in the county in which Father's mother resided.[5] There is an adequate showing of due diligence, such that we can conclude that the trial court obtained personal jurisdiction over Father in a manner consistent with the Due Process Clause.

## II. *Claim for Relief under Trial Rule 60(B)(8)*

■■■ Indiana Trial Rule 60(B)(8) provides that a final order or judgment may be set aside for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4)." Father contends that he is entitled to relief because he did not waive his right to a final hearing and none was conducted. *See* Ind. Code § 31–15–2–13.

---

**5.** Evidence of record indicates that she is the relative most likely to communicate with Father.

A Trial Rule 60(B) motion is addressed to the equitable discretion of the trial court, circumscribed by the eight categories listed in Trial Rule 60(B). *Lee v. Pugh*, 811 N.E.2d 881, 887 (Ind.Ct.App. 2004). A litigant who seeks relief pursuant to Trial Rule 60(B)(8) must allege a meritorious claim or defense.

With regard to the dissolution of the marriage, Father could not have prevented it had he appeared in court. With regard to the incidences of marriage, Father does not claim that there existed property or debts that the trial court could have divided in some manner. Nor does he contend that he was suited to have custody of A.D., with whom he had no relationship, or that a child support award of less than $47.34 should have been ordered. In short, he has alleged no meritorious defense. Accordingly, we need not reach his allegation of statutory non-compliance. The trial court properly denied Father relief.

### Conclusion

Father is not entitled to relief under Trial Rule 60(B)(6), because he has not shown that the judgment was void. He is not entitled to relief under Trial Rule 60(B)(8) because he has alleged no meritorious defense.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.