**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 28 2013, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JENNIFER SIMPSON**
Roanoke, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JENNIFER SIMPSON, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1204-DR-168 |
| | ) | |
| DONALD SIMPSON, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Charles F. Pratt, Judge
Cause No. 02D07-9707-DR-274

**February 28, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Respondent, Jennifer Simpson (Mother), appeals the trial court's denial of her motion for relief from judgment pursuant to Indiana Trial Rule 60(B).

We affirm.

## ISSUES

Mother raises four issues on appeal, which we consolidate and restate as the following two issues:

(1) Whether the trial court properly denied Mother's motion for relief from judgment, finding that the dissolution decree was not void for lack of personal jurisdiction; and

(2) Whether the trial court properly denied Mother relief from the dissolution proceedings based on Indiana Trial Rule 60(B)(3).

## FACTS AND PROCEDURAL HISTORY

Mother and Appellee-Petitioner, Donald Simpson (Father), were married on November 18, 1994. On February 9, 1995, their child, K.S., was born. On July 23, 1997, Father filed a petition for dissolution of marriage. Six months later, on January 18, 1998, the trial court entered provisional orders, granting Father sole custody of K.S. and ordering Mother to pay weekly child support in the amount of $83. Mother was awarded supervised parenting time. On May 29, 1998, the trial court entered the divorce decree, noting that Mother failed to appear and therefore was defaulted. The decree gave Father custody of K.S. and affirmed its previously entered child support order and Mother's

2

supervised parenting time. At that time, Mother owed a child support arrearage of $1,194.

On November 22, 2006, the State intervened pursuant to Title IV-D of the Social Security Act due to Father's application for support services. On March 5, 2008, following a verified information for contempt filed by Father, the trial court found that Mother owed child support in the amount of $42,976. The trial court determined Mother to be in contempt and gave her "purge conditions of making regular and consistent child support payments until the next set hearing[.]" (Appellee's App. p. 133). At the next hearing, on August 27, 2008, the trial court found that Mother had failed to comply with the contempt purge conditions and ordered her confined to the Allen County Jail unless she made a child support payment of no less than $5,000. The trial court deferred the commitment on the condition that Mother make regular child support payments. On March 18, 2009, Mother paid $400 towards her child support arrearage and the trial court further deferred the commitment previously ordered. By April 29, 2009, Mother paid another $200 toward her child support obligation. Following a lack of further payments, on October 7, 2009, the trial court ordered Mother's confinement for thirty days unless she paid a $1,000 purge amount towards her arrearage. Mother paid the purge amount and the trial court subsequently purged Mother of contempt of court.

On February 24, 2010, at Mother's request for modification of child support, the trial court reduced the child support order to a weekly amount of $47, of which $7 went towards the arrearage. By May 1, 2010, Mother owed Father child support in the amount of $49,930. On May 12, 2010, the trial court found Mother in contempt of court for

3

failing to make payments towards her support obligation and ordered her confined to the Allen County Jail. The trial court suspended its order of confinement on the condition that she make regular and systematic support payments for the next six months.

On August 31, 2011, Mother filed a Verified Petition for Declaration of Nullity of Marriage along "with a voluminous pleading entitled 'Respondent's Motion for Relief from Judgment.'" (Appellee's App. p. 134). On March 13, 2012, following a hearing, the trial court denied Mother's motion, concluding in pertinent part:

1. This [c]ourt had jurisdiction over the parties and the subject matter of this case.

2. This [c]ourt entered a decree that dissolved the parties' marriage on May 29, 1998. The Respondent, by her motion, asserts that the decree should be set aside for reasons of fraud [Trial Rule 60(B)(3)]. She also asserts that the court's judgment is void (Trial Rule 60(B)(6)) because she was not served with summons and notice of hearing.

3. The Respondent in her current pleadings acknowledges service of summons and notice of hearing prior to the entry of the decree (See page 8 of Respondent's motion wherein she states, "[Mother] only received a notice of hearing. This proof of summons was signed by [Mother] December 1, 1997 and it had a hearing form attached that did not state there would be a default judgment entered against her.") The decree recites in its introductory paragraph that proof of service and notice of the final hearing was properly served on the Respondent.

4. Taking judicial notice of the record, the [c]ourt finds that the Respondent has appeared before the court on matters related to the enforcement of the decree on multiple occasions since March 2008.

5. There is no evidence of fraud in the procurement of the decree. There are no reported investigations nor are any criminal prosecutions pending with regard to the claims asserted by the Respondent in her motion.

6. Respondent has not heretofore raised any basis for relief from judgment.

(Appellant's App. p. 118).

Mother now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Basing her argument on the application of Indiana Trial Rule 60(B), Mother presents us with a convoluted stream-of-consciousness in essence aimed at annulling her marriage. Her thirty-page claim can be summarized in a nutshell as follows: Father's parents received custody over Mother in 1992 when she was fourteen years old. While residing in Father's parents' home, Mother "was compelled to sleep in bed with Father." (Appellant's Br. p. 18). In 1994, after Mother pled "guilty to a crime Father committed" and after she left the juvenile detention center, she returned to the custody of Father's parents. (Appellant's Br. p. 18). Father's parents "took [Mother] to their home, held her there and compelled her to engage in sexual acts with [Father] until [Mother] maintain a viable pregnancy then forced her into marriage when she was seven months pregnant [with K.S.]." (Appellant's Br. p. 26). "The sexual acts, the birth of K.S., and the marriage was not a choice and was not voluntary." (Appellant's Br. p. 30). Mother alleges that during the marriage, she was held "in a state of concubinage [and] K.S. is a product of that state." (Appellant's Br. p. 35). After the marriage broke down, Father procured a dissolution by default in 1998 "and delayed process to again have full legal power and control over [Mother's life] and to again hold her in a condition of involuntary servitude." (Appellant's Br. p. 31). With these perceived facts in mind, Mother holds herself out to be a victim of the Indiana statute for human and sexual trafficking (*See* Ind. Code Ch. 35-42-3.5), and the federal statute with respect to the sale into involuntary servitude (*See* 18 U.S.C. § 1584). Mother now requests us to nullify the marriage as she

5

was incapable of consent and to vacate the support order in this case "as K.S. is not a dependent child whom Mother should have to support for [sic]. K.S. was conceived from sex crimes occurring when [Mother] was a child in the custody of [Father's] parent's [sic]. An order for support only serves to continue a condition of involuntary servitude [Mother] was held in as a child." (Appellant's Br. p. 44).

Within this overarching argument, Mother appears to be making two sub-claims: 1) whether she received service of the divorce petition and notice of the hearing and 2) whether she can obtain relief from the dissolution proceedings due to fraud based on Indiana Trial Rule 60(B)(3). We will address each contention in turn.

## I. *Notice*

Mother first asserts that she should be relieved from judgment pursuant to Ind. T.R. 60(B)(6) as the divorce decree was void for lack of personal jurisdiction because she failed to receive notice of the proceedings.

The existence of personal jurisdiction over a defendant is a question of law and a constitutional requirement to rendering a valid judgment. *D.L.D. v. L.D*., 911 N.E.2d 675, 679 (Ind. Ct. App. 2009), *reh'g denied*. Thus, we review a trial court's determination regarding personal jurisdiction *de novo*. *Id*. Although Indiana trial Rule 60(B)(6) determines that a motion alleging relief based on a void judgment must be filed within a reasonable time, in *Stidham v. Whelchel*, 698 N.E.2d 1152, 1156 (Ind. 1998), our supreme court clarified that "the reasonable time limitation under Rule 60(B)(6) means no time limit."

Indiana Trial Rule 4.1 provides

6

(A) In General.  Service maybe made upon an individual or an individual acting in a representative capacity, by:

    (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter[.]

Where a statute or rule requires only that service be sent by certified mail to the proper person, due process is satisfied where service is delivered, postage prepaid, as certified mail with a return receipt.  *Precision Erecting Inc., v. Wokurka*, 638 N.E.2d 472, 474 (Ind. Ct. App. 1994), *trans. denied*.  Service is effective even if someone else signs the certified mail return receipt.  *Marshall v. Erie Ins. Exchange*, 923 N.E.2d 15, 22 (Ind. Ct. App. 2010), *trans. denied.*

The record reflects that on July 25, 1997, the petition for dissolution of marriage and a summons were sent to Mother by certified mail.  The return receipt was signed by "Ochoa."  (Appellant's App. p. 22).  Thereafter, on November 21, 1997, the trial court issued a notice of hearing on Father's motion for provisional orders and set the hearing for January 16, 1998.  The notice was served to Mother by certified mail and the return receipt reflects her signature.  Then, a notice of the final hearing was sent to Mother by certified mail, with the return receipt showing a signature of "Adam Butler." (Appellant's App. p. 26).  As such, it is clear that Mother was aware a divorce proceeding had been initiated by Father.

Moreover, as mentioned by the trial court in its Order denying Mother's motion, Mother admitted having received notice of the proceedings in her brief that accompanied

her motion for relief from judgment.  Likewise, during the trial court's hearing on March 5, 2008, Mother acknowledged to the trial court that she had been served with the divorce petition.  Therefore, we conclude that the trial court had personal jurisdiction over Mother and its dissolution decree is not void.  As a result, Mother cannot obtain relief from judgment pursuant to T.R. 60(B)(6).

## II. *Fraud*

Next, Mother contends that the dissolution decree was procured by fraud and therefore should be set aside by application of Indiana Trial Rule 60(B)(3).  Mother uses fraud as an all-encompassing term consisting of her claims that Father's parents committed fraud to obtain custody of her; compelled her to have sexual relations with Father and to marry him; Father and his parents engaged in human trafficking; her incompetence at the time of the wedding and dissolution; Father held her in a condition of involuntary servitude; and the trial court's failure to verify the parties respective income on a worksheet when determining the initial child support obligation.[1]

Indiana Trial Rule 60(B)(3) provides that a party may be relieved from a judgment procured through fraud.  However, a motion under T.R. 60(B)(3) must be brought within a year of the judgment.  Here, the trial court issued its dissolution decree on May 29, 1998.  Thirteen years later, Mother filed her motion for relief.  As such, we conclude that Mother's request for relief is untimely and was properly denied by the trial court.

## CONCLUSION

---

[1] In so far as Mother also asserts a claim of misconduct on the part of deputy prosecuting attorney David Brown, we note that any complaint of misconduct must be brought in a disciplinary complaint, not in the trial court or this court. *See In re Anonymous*, 932 N.E.2d 1247, 1248 (Ind. 2010).

8

Based on the foregoing, we conclude that the trial court properly denied Mother's motion for relief from judgment.

Affirmed.

BAKER, J. and BARNES, J. concur