## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2016, 5:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jeremy A. Wroblewski
Mishawaka, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy A. Wroblewski,<br>*Appellant-Defendant,*<br><br>v.<br><br>FS Financial, LLC,<br>*Appellee-Plaintiff* | December 12, 2016<br><br>Court of Appeals Case No.<br>71A03-1602-SC-318<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Jeffrey L. Sanford,<br>Magistrate<br><br>Trial Court Cause No.<br>71D01-0206-SC-8208 |

**Crone, Judge.**

## Case Summary

Jeremy A. Wroblewski, pro se, appeals the trial court's denial of his motion to set aside the small claims default judgment entered against him and in favor of FS Financial, LLC. Specifically, Wroblewski contends that the trial court's default judgment is void for lack of personal jurisdiction and should be set aside. Finding that the trial court indeed had personal jurisdiction over Wroblewski, we affirm.

## Facts and Procedural History

In November 2000, Wroblewski entered into a retail installment contract with Smith Auto Credit for the purchase of a 1991 Chevrolet Camaro. The contract provided for an immediate assignment of the debt to First Step Finance. Wroblewski listed his address as 2526 Fredrickson Street, South Bend, Indiana. Pursuant to the terms of the contract, Wroblewski was required to notify First Step Finance of any change of address, but he never did so.

On June 24, 2002, First Step Finance (hereinafter "FS Financial"[1]) filed a small claims lawsuit against Wroblewski in the St. Joseph Superior Court alleging nonpayment of the outstanding balance due on the contract. On June 27, 2002, the St. Joseph County sheriff delivered a copy of notice of claim to the 2526 Fredrickson Street address. On July 31, 2002, the trial court held a hearing on

---

[1] On June 17, 2005, First Step Finance assigned the cause of action to FS Financial, LLC, and filed a motion to substitute plaintiff which was granted by the trial court.

FS Financial's claim. Wroblewski did not appear at the hearing, and the trial court entered a default judgment against him.

[4] Thereafter, FS Financial initiated proceedings supplemental and an "appear and answer" order of the trial court was delivered by the sheriff to the Fredrickson Street address indicating a hearing date of September 24, 2002. Wroblewski did not appear at the hearing. Accordingly, the trial court ordered a "ten-day letter" to be served at the same address. Tr. at 2. Wroblewski contacted the court in response to the ten-day letter and personally appeared at a hearing before the trial court on October 29, 2002. During that hearing, Wroblewski signed an acknowledgment that the Fredrickson Street address was, in fact, his current address.

[5] More than thirteen years later, on November 12, 2015, Wroblewski filed a motion to set aside the default judgment pursuant to Indiana Trial Rule 60(B)(6) asserting that the trial court's judgment was void for lack of personal jurisdiction. Specifically, Wroblewski claimed that service of process of the original notice of claim at the Fredrickson Street address was inadequate because he did not reside at that address. The trial court denied the motion to set aside on that same date. Thereafter, Wroblewski filed a motion to correct error. The trial court held a hearing on the motion to correct error on January 15, 2016. Following the hearing, the trial court entered its order denying the motion to correct error. This appeal ensued.

## Discussion and Decision

[6] We begin by noting that FS Financial has not filed an appellee's brief. Where an appellee fails to file a brief, we do not undertake to develop arguments on that party's behalf; rather, we may reverse upon a prima facie showing of reversible error. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). Prima facie error is error "at first sight, on first appearance, or on the face [of] it." *Id*. The "prima facie error rule" relieves this Court from the burden of controverting arguments advanced for reversal, a duty which remains with the appellee. *Geico Ins. Co. v. Graham*, 14 N.E.3d 854, 857 (Ind. Ct. App. 2014). Nevertheless, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id*.

[7] Wroblewski filed his motion to set aside the default judgment under Trial Rule 60(B)(6), alleging that the trial court's default judgment was void for lack of personal jurisdiction.[2] A motion made under Trial Rule 60(B) to set aside a judgment is addressed to the equitable discretion of the trial court. *U.S. Bank, Nat'l Ass'n v. Miller*, 44 N.E.3d 730, 738 (Ind. Ct. App. 2015), *trans. denied* (2016). "Typically, we review a trial court's ruling on a motion to set aside a judgment for an abuse of discretion, meaning that we must determine whether the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the ruling." *Hair v. Deutsche Bank Nat'l Trust Co.,* 18

---

[2] Indiana Trial Rule 60(B) provides that "the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: … (6) the judgment is void."

N.E.3d 1019, 1022 (Ind. Ct. App. 2014) (citation omitted). "However, whether personal jurisdiction exists over a defendant is a question of law that we review de novo." *Id.* "This Court does not defer to the trial court's legal conclusion as to whether personal jurisdiction exists." *Grabowski v. Waters*, 901 N.E.2d 560, 563 (Ind. Ct. App. 2009), *trans. denied*. Nevertheless, because personal jurisdiction turns on facts, the trial court's findings of fact on the issue are reviewed for clear error. *Id.* Clear error exists where the record does not offer facts or inferences to support the trial court's findings. *Id.* In determining whether the trial court's findings of fact are clearly erroneous, we neither reweigh the evidence nor judge witness credibility. *Huber v. Sering*, 867 N.E.2d 698, 706 (Ind. Ct. App. 2007), *trans. denied* (2008).

[8]     "Rule 60(B)(6) provides for relief from judgments that are 'void.' " *Citimortgage, Inc. v. Barabas,* 975 N.E.2d 805, 816 (Ind. 2012) (citation omitted). "A judgment issued without personal jurisdiction is void, and a court has no jurisdiction over a party unless that party receives notice of the proceeding." *Id.* By the plain terms of the rule, motions to set aside under subsection (6) of Rule 60(B) do not require proof of a meritorious defense to the judgment being challenged. *Hair*, 18 N.E.3d at 1022. Also, although motions under Rule 60(B)(6) should be filed within a "reasonable time," "a judgment that is void for lack of personal jurisdiction may be collaterally attacked at any time and ... the 'reasonable time' limitation under Rule 60(B)(6) means no time limit." *Id*. (quoting *Stidham v. Whelchel*, 698 N.E.2d 1152, 1156 (Ind.1998)).

[9] In moving to set aside the default judgment entered more than thirteen years ago, Wroblewski asserts that the trial court never obtained personal jurisdiction over him because service to his last known address, his mother's home, was inadequate. Generally, if service of process is inadequate, the trial court does not acquire personal jurisdiction over a party. *Munster v. Groce,* 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). The existence of personal jurisdiction is a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* "[T]he Due Process Clause requires that[,] in order for constructive notice of a lawsuit to be sufficient, a party must exercise due diligence in attempting to locate a litigant's whereabouts." *Id.* at 60. "A party must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

[10] Moreover, whether a judgment is void turns on whether the defendant was served with process effective for that purpose under the Indiana Rules of Procedure. *Anderson v. Wayne Post 64, Am. Legion Corp,* 4 N.E.3d 1200, 1206 (Ind. Ct. App. 2014), *trans. denied*. Our appellate review requires scrutiny of "the method of authorized service chosen in order to determine whether under the facts and circumstances of the particular case that method was best calculated to inform the defendant of the pending proceeding." *Morrison v. Prof'l Billing Servs., Inc.,* 559 N.E.2d 366, 368 (Ind. Ct. App. 1990). "An authorized

method is sufficient 'if no other method better calculated to give notice is available but is insufficient if another method obviously better calculated to give notice is available.'" *Id.* (quoting *Mueller v. Mueller,* 259 Ind. 366, 371, 287 N.E.2d 886, 889 (1972)). Thus, "[t]he question as to whether process was sufficient to permit a trial court to exercise jurisdiction over a party involves two issues: whether there was compliance with the Indiana Trial Rules regarding service, and whether such attempts at service comported with the Due Process Clause of the Fourteenth Amendment." *Grabowski*, 901 N.E.2d at 563.

[11] Indiana Trial Rule 4.1 governs service to an individual and provides in relevant part as follows:

> Service may be made upon an individual, or an individual acting in a representative capacity, by:
>
> (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
>
> (2) delivering a copy of the summons and complaint to him personally; or
>
> (3) *leaving a copy of the summons and complaint at his dwelling house or usual place of abode*; or
>
> (4) serving his agent as provided by rule, statute or valid agreement.

(Emphasis added).[3]

[12] Here, the record indicates that the method of service utilized by FS Financial was to have a copy of the notice of claim delivered by the sheriff to the address provided on the retail installment contract signed by Wroblewski on November 30, 2000, which listed his address as 2526 Frederickson Street.[4] Wroblewski essentially concedes that process was served at this address but asserts that this is his mother's address, and while he did live at that address when he signed the retail installment contract, he claims that he had not "resided at that address for literally several months prior to the attempted service of the documents" and thus he did not have actual notice of the lawsuit. Appellant's Br. at 17. Our response to Wroblewski's assertion is twofold.

[13] First, we think that service of process at the Frederickson Street address complied with both the Indiana Trial Rules regarding service and the Due Process Clause, as it was the method best calculated to inform Wroblewski of the pending proceeding. This was the address specifically provided to FS Financial by Wroblewski, and there is no evidence that Wroblewski ever

---

[3] Indiana Small Claims Rule 3(A) also applies here and is substantially the same as Trial Rule 4.1.

[4] We note that Trial Rule 4.1(B) provides, "Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return." Wroblewski dedicates one sentence of his appellant's brief to baldly asserting that a copy of the notice was not also served by mail to the Frederickson Street address and that this is "an additional jurisdictional defect." Appellant's Br. at 25. However, during the hearing on the motion to correct error, counsel for FS Financial indicated to the trial court that "follow-up mailing" of the notice was in fact sent to the Frederickson Street address, see Tr. at 7, and because Wroblewski made no contrary claim during the hearing, and the record is otherwise silent on this issue, we will not further address this poorly developed and unsubstantiated assertion.

informed FS Financial of a change in address as was required by the terms of the installment contract. Indeed, despite claiming that he no longer lived at his mother's home at the time the notice of claim was served, Wroblewski admitted that "technically, at the time" he did not have "another address" or new dwelling house or usual place of abode because he was "kind of bouncing around between friends and sorts." Tr. at 11. Under the specific circumstances presented, we agree with the trial court that service at the Frederickson Street address was reasonably calculated to inform Wroblewski of the pending lawsuit and there was not another available method better calculated to give notice.[5]

[14] Second, and more significant, we think that the record supports the trial court's finding that Wroblewski had actual notice of the pending lawsuit because he was, in fact, properly served. The record indicates that after Wroblewski failed to appear and the default judgment was obtained, FS Financial moved for proceedings supplemental and service of process was again made at the same Fredrickson Street address. This time, Wroblewski responded and later personally appeared at a hearing on October 29, 2002. During that hearing, Wroblewski signed an acknowledgement indicating that the Frederickson Street address was still his address. It can reasonably be inferred from this evidence that, despite his current claims to the contrary, Wroblewski did reside at the

---

[5] Wroblewski relies heavily on our opinion in *Norris v. Personal Finance*, 957 N.E.2d 1002 (Ind. Ct. App. 2011), to support his argument that service of process at his mother's home was inadequate to confer personal jurisdiction on the trial court. His reliance is misplaced. We note that while *Norris* has some factual similarities to the instant case, those similarities are slight. Moreover, as we specifically noted in *Norris*, the adequacy of the method of service is an "extremely fact-sensitive" question. *See id.* at 1007 n.4.

Fredrickson Street address on June 26, 2002, the date the original notice of claim was served. The trial court did not find credible Wroblewski's testimony or affidavits asserting that he did not live at 2526 Fredrickson Street at the time service was made, and we may not reassess that credibility on appeal.[6] We conclude that service of process was adequate and that the trial court obtained personal jurisdiction over Wroblewski.

In sum, Wroblewski has not established prima facie error in the trial court's denial of his motion to set aside the default judgment.[7] Accordingly, we affirm.

Affirmed.

Kirsch, J., and May, J., concur.

---

[6] Wroblewski submitted his own affidavit and the affidavit of his mother.

[7] Wroblewski also claims that the trial court committed reversible error in summarily denying his Trial Rule 60(B)(6) motion to set aside without first holding a hearing. Indiana Trial Rule 60(D) provides:

> In passing upon a motion allowed by subdivision (B) of this rule, the court shall hear any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise permitted by subdivision (B) of this rule.

Here, the trial court did hold an evidentiary hearing on the motion to correct error, and thus Wroblewski was afforded the opportunity to present all "pertinent evidence" regarding the personal jurisdiction issue during that proceeding. We find no reversible error.