ATTORNEY FOR APPELLANT

Lowell Hull
South Bend, Indiana

ATTORNEY FOR APPELLEE

No Appearance



FILED

Dec 11 2008, 2:23 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 71S03-0812-CV-638

KY MORTON,

*Appellant (Defendant below),*

v.

JEROME P. IVACIC,

*Appellee (Plaintiff below).*

Appeal from the St. Joseph Superior Court, No. 71D01-0703-SC-02172
The Honorable William T. Means, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 71A03-0708-CV-386

**December 11, 2008**

**SHEPARD, Chief Justice.**

The informality of litigating in small claims court promotes doing substantial justice in a relatively efficient way, conferring benefits on plaintiffs and defendants alike. In this case, the court effectively declined to hear evidence on a tenant's affirmative defenses to eviction and ordered immediate possession for the landlord. We conclude that the tenant was not given a sufficient opportunity to present a defense, and therefore reverse.

## Facts and Procedural History

For nearly five years, appellant Ky Morton leased an apartment in South Bend, Indiana from Jerome P. Ivacic. Morton was a good tenant and remained in satisfactory standing throughout the tenancy until a dispute arose with about four and a half months remaining on the lease. Morton apparently fell behind on his rent payments, and the parties entered into an agreement under which Morton was able to satisfy his delinquent rent payments. In addition to the rent question, Morton may have also breached the terms of his lease by allowing a third-party female companion to reside on the property in the months leading up to the expiration of the lease.

In March 2007, Ivacic filed an action in the Small Claims Division of the St. Joseph Superior Court to evict Morton and recover damages.

On May 17, 2007, the court conducted a hearing on Ivacic's application for immediate possession of the property. After the parties were properly sworn, Ivacic described the basis of his application. He testified that his relations with Morton had become turbulent due to "unpaid rent, disruptive behavior, and other people living in the unit." (Appellant's App. at 7-8.) Ivacic then proposed that he and Morton should mutually agree on a move-out date. The judge asked Morton if he understood what Ivacic was saying, and the following exchange took place:

> THE COURT: That means that you agree to move by a certain date.
>
> MR. MORTON: Oh, okay.
>
> THE COURT: The two of you agree on a certain date.
>
> MR. MORTON: Okay.
>
> THE COURT: Now, do you have a request as to a particular date? [Mr. Ivacic] does not want you to lose your eligibility.

MR. MORTON: Well, I understand that [sic]. I just – your honor, I just want to get this whole thing behind me and I mean he has – I felt that he had a right for a possession of the premises because of unpaid rent, you know, but we made an agreement and I followed the agreement exactly and I paid him everything up to date and I'm caught up, you know, so I don't owe him any rent.

And he claims that these lease violations that I've made, like a tenant living with me, and I have a notarized letter from her stating that she doesn't live with me, that she has her own place.

(Id. at 9.)

The judge then attempted to explain to Morton that all issues addressing Ivacic's claims for damage to the property and other lease violations would be addressed at a future hearing, scheduled for June 15, 2007. The judge further explained that the hearing on possession does not determine damages and other issues concerning violations of the lease.

THE COURT: But the hearing of this kind normally is that with unpaid rent, then the – or other violations, other violations can cause an Order of Immediate Possession.

What [Ivacic] proposes is that he pick a date, or between you[,] you pick a date for you to move.

MR. MORTON: Well, I understand that, your Honor, but I don't want to move because I felt that I didn't have any violations. The only violation of my lease was the unpaid rent.

THE COURT: Ultimately, he's going to get possession of the property. So I would suggest to you that you make some agreement with him to pick a date certain to move out. Otherwise, I'm just going to enter an order for – make a preliminary determination and set the bond. And if he posts the bond, you'll have to move. That's just where we are [sic]. That's just where we are [sic].

(Id. at 10.)

3

Ivacic proposed a move out date of June 15, 2007, and the parties agreed to it. Morton then expressed his concerns about losing his place after being a good tenant for the substantial duration of the lease and contended that he paid Ivacic all of the money owed to date. The following exchange then occurred:

> THE COURT: That isn't necessarily – it isn't necessarily pay everything. That's very, very important, granted, but there are other considerations, such as perhaps too many people living with you.
>
> MR. MORTON: I'm the only person there. No one lives with me. I have a notarized letter.
>
> THE COURT: Sir, where there's smoke there's fire. I mean he isn't making this up. He's a substantial citizen. He's not making this up.
>
> MR. MORTON: He's just wrong, your Honor. Your Honor, he is just wrong. It ain't about him making anything up. He says I have someone living with me and I'm saying that's wrong and I have a letter here that's proof that she does not live with me. She has several addresses in her name and I have a notarized letter from a notary public saying that she does not live with me. So that's one lease violation that is unfounded.

(Id. at 11.)

The court again informed Morton of the two possible options resulting from the preliminary possession hearing: the parties could agree on a move-out date, or the court would issue an order granting Ivacic immediate possession. (Id. at 12.) Morton continued to explain to the judge that Ivacic's claims were unfounded. Morton claimed that he paid all of his late fees after making a payment arrangement with Ivacic and that he completed all that Ivacic asked of him, and Morton felt that he did not owe Ivacic anything further. (Id. at 11-12.) The following discussion resulted:

> THE COURT: Evidently, you owe him something.

4

> MR. MORTON: Sir, I understand. Well, if I can give you this, your Honor.
>
> THE COURT: I don't want to go into that [sic].
>
> MR. MORTON: Okay.

(Id. at 13.)

The court then ordered immediate possession of the property to Ivacic. The Court of Appeals affirmed, finding that Morton was given a sufficient opportunity to present a defense and his Fourteenth Amendment procedural due process rights were not violated. Morton v. Ivacic, No. 71A03-0708-CV-386 (Ind. Ct. App. Feb. 8, 2008). We grant transfer.

## Standard of Review

We review the facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility under the clearly erroneous standard. Ind. T.R. 52(A); Trinity Homes, LLC v. Fang, 848 N.E.2d 1065 (Ind. 2006). This deferential standard of review is particularly important in small claims actions, where trials are informal, 'with the sole objective of dispensing speedy justice' between parties according to the rules of substantive law. City of Dunkirk Water & Sewage Dep't v. Hall, 657 N.E.2d 115, 116 (Ind. 1995) (quoting Ind. Small Claims Rule 8(A)). The only issue in this case turns on whether Morton was provided a sufficient opportunity to present a defense to Ivacic's ejectment claim – a question of law. Accordingly, we review de novo. See, e.g., Harrison v. Thomas, 761 N.E.2d 816 (Ind. 2002) (reviewing the trial court's decision de novo after a bench trial where the parties contested a substantive question of law).

As a preliminary matter, we observe that Ivacic has not filed a brief. Under that circumstance, we do not undertake to develop an argument on the appellee's behalf, but rather may reverse upon an appellant's prima facie showing of reversible error. Trinity Homes, LLC,

848 N.E.2d at 1068. Prima facie error in this context is defined as, "at first sight, on first appearance, or on the face it." Id.

**Due Process and Presenting a Sufficient Defense**

Morton argues that the court denied him a sufficient opportunity to present a defense to Ivacic's ejectment claim and therefore violated his due process rights.[1] The Fourteenth Amendment prohibits any state from depriving any person of "life, liberty, or property, without due process of the law." U.S. CONST. amend. XIV, § 1. "Generally stated, due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses." Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp., 842 N.E.2d 885, 889 (Ind. Ct. App. 2006). The 'opportunity to be heard' is a fundamental requirement of due process. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950). In Lindsey v. Normet, 405 U.S. 56, 66 (1972), the Supreme Court explained that this principle includes "an opportunity to present every available defense."

Ejectment is an action to restore possession of property to the person entitled to it. See BLACK'S LAW DICTIONARY 516 (6th ed. 1990). Our General Assembly enacted a statutory scheme that provides for a pre-judgment possession hearing to allow the defendant to controvert a plaintiff's affidavit which states why the plaintiff is entitled to possession of the property.[2] The pre-judgment hearing allows for a defendant "to controvert the affidavit or to show cause why the judge should not remove the defendant from the property and put the plaintiff in possession." Ind. Code § 32-30-3-2(a). After the plaintiff files the affidavit, the court issues an order to show cause which must state the following:

---

[1] On appeal, Morton initially argued that the small claims court erred by bifurcating the immediate possession hearing and the damages aspect of the proceedings which consequently caused a violation of his Fourteenth Amendment rights to due process and equal protection. We summarily affirm the disposition of these issues as made by the Court of Appeals. Ind. App. R. 58(A). Additionally, Morton's arguments premised on substantive due process pursuant to the Fourteenth Amendment, IND. CONST. art. I, sections 12 and 23, and the small claims judge becoming Ivacic's advocate are all waived for failure to raise them below, rather than initially raise them in the petition to transfer. See, e.g., Felsher v. Univ. of Evansville, 755 N.E.2d 589, n.6 (Ind. 2001) (citing Ind. App. R. 46(C) (no new issues shall be raised in reply brief)).

[2] See our ejectment and quiet title statutes, Ind. Code § 32-30-2-1, *et seq*. (2007).

    (1) The defendant may file supporting affidavits with the court.

    (2) The defendant may appear and present supporting testimony at the
      hearing on the order to show cause.

    (3) The defendant may file with the court a written undertaking to stay
      the delivery of the property under this chapter.

    (4) The judge may issue a judgment of possession in favor of the
      plaintiff if the defendant fails to appear at the hearing.

Ind. Code § 32-30-3-2(b). The record does not reflect whether the order to show cause issued to Morton satisfied these requirements, but the hearing did not.

The transcript appears to indicate that the hearing proceeded from the onset under the expectation that Ivacic was entitled to an order of immediate possession. First, the court informed Morton that he and Ivacic would have to agree on a move-out date before Morton was afforded an opportunity to present a defense. The court's statements – "Ultimately, he's going to get possession of the property . . . [s]ir, where there's smoke there's fire . . . I mean he isn't making this up. He's a substantial citizen. Evidently, you owe him something" – suggest inattention to Morton's defenses.

Morton attempted to provide the court with testimony and a notarized affidavit or other documentation, and he was denied. This was inconsistent with due process and the framework set out in Ind. Code § 32-30-3-2(b).

We determined long ago that in an ejectment action, "[a]ll legal and equitable defenses are provable under [a] general denial, and any state of facts which would invoke the aid of equity for relief against the claim . . . would be a defense". Olds v. Hitzmann, 220 Ind. 300, 42 N.E.2d 35 (1942). Even taking account for the informality of the small claims process, Morton was not given an adequate opportunity to say yes or no to any of Ivacic's allegations at the prejudgment hearing.

7

**Conclusion**

We reverse the small claims court's judgment.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.