# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**MARCY WENZLER**
**JAMIE ANDREE**
**JENNIFER PRUSAK**
Indiana Legal Services, Inc.
Bloomington, Indiana

ATTORNEYS FOR AMICUS CURIAE,
HEALTH AND HUMAN RIGHTS CLINIC:

**ALISON M. BECKER, CERTIFIED LEGAL INTERN**
**FRAN QUIGLEY**
Health and Human Rights Clinic
Indiana University, Robert H. McKinney School of Law
Indianapolis, Indiana



FILED
May 23 2012, 9:27 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LISA REYNOLDS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 77A05-1110-SC-567 |
| | ) | |
| DANIEL CAPPS, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SULLIVAN SUPERIOR COURT
The Honorable Robert E. Springer, Judge
Cause No. 77D01-1108-SC-603

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Lisa Reynolds appeals the trial court's order requiring her to vacate her apartment. We reverse.

## Issue

Reynolds raises four issues. We address one dispositive issue, which we restate as whether Reynolds was denied due process when the trial court ordered her to vacate her apartment.

## Facts

Reynolds rented an apartment owned by Daniel Capps in Sullivan. On August 29, 2011, Capps filed a small claims complaint. The complaint named Reynolds as the defendant and listed her address and phone number. On the form complaint, Capps checked the boxes "Ejectment," "Damages," and "Rent." App. p. 7. The complaint contained no other information regarding Capps's claim. The complaint indicated that a trial date was set for September 13, 2011 during which the claim would "be heard by the Court at a trial held at the Sullivan Superior Court . . . ." Id. The complaint included fine print detailing the trial procedures, including the presentation of a defense, the ability to subpoena witnesses, and the right to a jury trial.

Capps, Reynolds, and a witness for Reynolds appeared at the September 13, 2011 hearing. However, a judge was not present at the September 13, 2011 hearing, and the hearing was conducted by the court reporter. No witnesses were sworn, and no evidence was heard. The court reporter verified the nature of the action, and the parties discussed their allegations, including Reynolds's concerns about the condition of the premises. The court reporter repeatedly explained that evidence relating to the parties' allegations would be heard later. In her statement of the evidence,[1] the court reporter explained, "I advised the parties the reason for the Initial Hearing was to set a date for the Defendant to vacate the Plaintiff's rental property . . . ." Id. at 9. According to the court reporter, when Reynolds made statements about the problems with the apartment, the court reporter responded, "all evidence was to be heard at the trial of this matter . . . ." Id.

The court reporter filled out a pre-signed "INITIAL HEARING/JUDGMENT ORDER" form requiring Reynolds to vacate the premises. Id. at 5. The form specifically provided, "The Court FINDS for Plaintiff (s) and order Defendant (s) to vacate the premises . . . by 9-27-11 6:00 p.m." Id. Reynolds vacated the apartment and, on September 30, 2011, a damages hearing conducted by a judge was held. At the conclusion of the hearing, the trial court ordered Reynolds to pay $975 in damages. Reynolds now appeals.

---

[1] There is no transcript of this hearing. Reynolds prepared a verified statement of evidence and moved to certify the statement pursuant to Indiana Appellate Rule 31(A). Although Indiana Appellate Rule 31(B) allows any party to file a response, the court reporter filed a verified statement of evidence. Referring to Indiana Appellate Rule 31(C), the trial court certified both statements. Because Reynolds did not object to the court reporter filing a statement of evidence and relies on that statement in her brief, we also consider it. However, we are troubled that the trial court judge certified a statement of evidence for hearing at which he was not present.

**Analysis**

Reynolds argues that the manner in which the September 13, 2011 hearing was conducted violated her due process rights. This is a question of law, which is reviewed de novo. See Morton v. Ivacic, 898 N.E.2d 1196, 1199 (Ind. 2008).

Capps has not filed an appellee's brief. We do not undertake to develop an argument on his behalf and may reverse upon Reynolds's prima facie showing of reversible error. See id. "Prima facie error in this context is defined as, 'at first sight, on first appearance, or on the face it.'" Id. (citation omitted).

As explained in Morton:

> The Fourteenth Amendment prohibits any state from depriving any person of "life, liberty, or property, without due process of the law." U.S. Const. amend. XIV, § 1. "Generally stated, due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses." Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp., 842 N.E.2d 885, 889 (Ind. Ct. App. 2006). The "opportunity to be heard" is a fundamental requirement of due process. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 70 S. Ct. 652, 94 L.Ed. 865 (1950). In Lindsey v. Normet, 405 U.S. 56, 66, 92 S. Ct. 862, 31 L.Ed.2d 36 (1972), the Supreme Court explained that this principle includes "an opportunity to present every available defense."

Id. Our supreme court has also observed, "Due process requires a neutral, or unbiased, adjudicatory decisionmaker. Scholars and judges consistently characterize provision of a neutral decision-maker as one of the three or four core requirements of a system of fair adjudicatory decisionmaking." Rynerson v. City of Franklin, 669 N.E.2d 964, 967 (Ind. 1996) (quotation omitted).

4

"Ejectment is an action to restore possession of property to the person entitled to it." Morton, 898 N.E.2d at 1199. "Our General Assembly enacted a statutory scheme that provides for a pre-judgment possession hearing to allow the defendant to controvert a plaintiff's affidavit which states why the plaintiff is entitled to possession of the property." Id. "The pre-judgment hearing allows for a defendant 'to controvert the affidavit or to show cause why the judge should not remove the defendant from the property and put the plaintiff in possession.'" Id. (quoting Ind. Code 32-30-3-2(a)). After the plaintiff files an affidavit, the court issues an order to show cause that must explain the defendant's rights. Id. at 1199-1200 (citing I.C. § 32-30-3-2(b)). In an ejectment action, all legal and equitable defenses are provable under a general denial and any state of facts that would invoke the aid of equity for relief against the claim would be a defense. Id. at 1200.

Regardless of whether the applicable statutory requirements were met here, it is clear that the September 13, 2011 hearing did not satisfy the very minimum due process requirements—namely that a judge, or someone so authorized, preside over the hearing. In fact, this hearing was conducted by the court reporter. This violated Reynolds's right to a neutral decision-maker. Further, no witnesses were sworn, no evidence was heard, and Reynolds was not given the opportunity to defend against the ejectment. Reynolds was then presented with a pre-signed order requiring her to vacate the premises. This violated her right to present a defense.

It is an understatement to say that the hearing proceeded from the outset under the expectation that Capps was entitled to immediate possession of the premises. See id.

5

(observing that the hearing proceeded from the onset under the expectation that the landlord was entitled to an order of immediate possession and the denial of an opportunity to present evidence was inconsistent was due process and the statutory framework). Even taking into account the informality of the small claims process, if the hearings on evictions are regularly conducted without a judicial officer present, we pointedly and directly express our concern and expect that situation to be remedied. Reynolds has made a prima facie showing that the September 13, 2011 hearing was conducted in a matter that denied her due process. Thus, the order requiring Reynolds to vacate the premises and the subsequent damages award must be reversed.[2]

### Conclusion

Because the manner in which the hearing was conducted denied Reynolds due process, we reverse.

Reversed.

FRIEDLANDER, J., and MAY, J., concur.

---

[2] The Health and Human Rights Clinic of the Indiana University Robert H. McKinney School of Law was granted permission to appear as amicus curiae. Amicus contends that the bifurcated process is unlawful. Based on our conclusion today, it is not necessary to reach the merits of this question.