

FILED

Jul 20 2017, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County
Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Jessica Proctor Barth
Eskenazi Health
Indianapolis, Indiana

Bryan H. Babb
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A.A., <br> *Appellant-Respondent,* <br><br> v. <br><br> Eskenazi Health/Midtown CMHC, <br> *Appellee-Petitioner* | July 20, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1610-MH-2286 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Steven R. Eichholtz, Judge <br><br> Trial Court Cause No. <br> 49D08-1609-MH-31348 |

**Baker, Judge.**

[1] A.A. was involuntarily committed to Eskenazi Health/Midtown Community Mental Health Clinic ("Eskenazi"). He was not present at the commitment hearing. A.A. appeals, arguing that he did not validly waive his right to personally appear at his commitment hearing, and that he had a due process and a statutory right to be present. Eskenazi Health argues that the trial court had independent statutory authority to waive A.A.'s right to be present at the commitment hearing, and that A.A.'s presence at the commitment hearing would have been dangerous to A.A. and others at the hearing. We find that neither A.A. nor his counsel could validly waive his right to appear, but that the trial court had a statutory right to waive A.A.'s presence. Accordingly, we affirm.

## Facts[1]

[2] A.A. is thirty-six years old and has been diagnosed with schizophrenia. He has been previously hospitalized and committed.

[3] On August 29, 2016, A.A.'s mother completed an application for A.A.'s emergency detention. On August 31, 2016, the trial court issued an order for A.A. to be detained and taken to Eskenazi. On September 7, 2016, Eskenazi filed a report following emergency detention.

---

[1] We held oral argument in this cause in Indianapolis on June 28, 2017. We thank counsel for their superior oral and written presentations.

[4]     On September 12, 2016, a civil commitment hearing took place. A.A. was not present. When the trial court asked A.A.'s counsel about A.A., the following exchange occurred:

> Court: Good morning, everybody. We are here on a report following Emergency Detention. I see that [A.A.] is not present. [Counsel for A.A.], can you address that?
>
> Counsel for A.A.: Yes, Judge. Thank you. I have been informed that [A.A.] is agitated. I have tried to call him before today's hearing to talk to him about his case. He would not answer the phone. I was informed this morning that he was not brought over due to him being agitated. So we are waiving his appearance today.
>
> Court: Thank you. Miss Barth, good morning.
>
> Counsel for Eskenazi: Good morning, Judge.
>
> Court: That does raise a question I kind of had, because I looked through the files and I see that we always send out a summons or fax one over. Do you guys serve them the summons? Like you are supposed to?
>
> Counsel for Eskenazi: Yes.
>
> Court: Oh, okay. Good. I'm glad to hear that.
>
> Counsel for Eskenazi: We do Judge, absolutely.
>
> Court: I'm glad to hear that. Just something that came up one day and I was thinking about it. I thought, you would be the

perfect person to ask that question. So, he does have notice of the proceedings and he has chosen to waive his right to be present. All right . . . .

Tr. p. 4-5. After hearing testimony, the trial court found that A.A. suffered from schizophrenia and that as a result of his mental illness, he was dangerous to others and gravely disabled. The trial court issued an order of regular commitment. A.A. now appeals.

## Discussion and Decision

A.A. presents two issues on appeal: (1) whether a mentally ill person, involuntarily detained under an emergency detention order by a mental health institution, can voluntarily waive his right to appear at his commitment hearing, and (2) whether the trial court and/or the mentally ill person's counsel can waive his right to appear.[2]

## I.  A.A.'s Ability to Waive Right to Appear

A proceeding for an involuntary civil commitment involves a significant liberty interest and is subject to due process requirements. *T.K. v. Dep't of Veterans Affairs*, 27 N.E.3d 271, 273 (Ind. 2015). Due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). The "opportunity to be heard" is a

---

[2] A.A. does not challenge the sufficiency of the evidence that supports the trial court's order of civil commitment. Accordingly, we decline to discuss it here.

fundamental requirement of due process. *Id.* Effective and timely notice of due process rights is essential. *Cheek v. State*, 567 N.E.2d 1192, 1195 (Ind. Ct. App. 1991).

[7] A respondent for a civil commitment hearing cannot voluntarily waive his right to be present at a commitment hearing. *M.E. v. Department of Veterans Affairs*, 64 N.E.3d 855, 860-61 (Ind. Ct. App. 2016) (noting that "it is difficult, if not impossible, to see how an individual who is involuntarily detained under an emergency detention order by a mental health institution can be considered able to exhibit the competency required to sign a valid waiver in which he relinquishes his rights"). Any waiver purporting to relinquish the rights of an involuntarily detained individual, or an individual at risk of being involuntarily committed, is not valid. *Id.* at 861.

[8] Here, A.A. could not have knowingly, voluntarily, and intelligently waived his right to personally appear because he was being involuntarily detained in a psychiatric ward pending his commitment hearing. A.A. was diagnosed with schizophrenia, and Dr. David Pollack, the psychiatry resident intern who treated A.A., testified that A.A. "has currently been responding to internal stimuli." Tr. p. 9. A.A. was observed to be talking to himself and laughing, being aggressive and impulsive, and having delusions. Like in *M.E.*, we conclude that A.A. could not have validly waived his right to appear at his commitment hearing.

## II. Counsel and Trial Court's Right to Waive

[9] A.A. next argues that neither his counsel nor the trial court could validly waive his right to appear at his commitment hearing. A.A. argues that the trial court committed fundamental error when it accepted A.A.'s counsel's statement that A.A. waived his right to be present. "Fundamental error is error which is a blatant violation of our concepts of fundamental fairness and in which the harm is substantial and apparent." *A.L. v. Wishard Health Servs.*, 934 N.E.2d 755, 758 (Ind. Ct. App. 2010). Fundamental error occurs when it "is so likely to have infected the verdict or judgment that confidence of the trial result has been undermined." *Id.*

[10] Initially, we hold that it was error for A.A.'s counsel to waive A.A.'s right to be present at the hearing. Counsel had no right, statutory or otherwise, to waive this right, and such action goes against the principles of due process. We also find that the trial court was too readily disposed to agree to waiver of A.A.'s right to be present without seeking more information about A.A.'s current mental and physical state.

[11] Nonetheless, Indiana Code section 12-26-2-2(b) does give trial courts the ability to waive a respondent's right to be present at a hearing. This provision of the statute has not previously been addressed by our appellate courts. The statute provides in relevant part that an individual alleged to have a mental illness has the following rights:

(3) To be present at a hearing relating to the individual.  The individual's right under this subdivision is subject to the court's right to do the following:

> (A) Remove the individual if the individual is disruptive to the proceedings.

> (B) Waive the individual's presence at a hearing if the individual's presence would be injurious to the individual's mental health or well-being.

[12]  Because the statute allows a trial court to waive a respondent's right to be present, we disagree with A.A. that error occurred, let alone fundamental error. The information required to establish that A.A.'s presence would be injurious to himself entered the record.  At the hearing, Dr. David Pollack, who treated A.A. at Eskenazi, testified that A.A.'s behavior

> . . . has been very menacing and agitated at times.  He's been aggressive.  He has struck a staff member.  Punched the staff member full force causing the staff member to fall back into a door jam.  Hit his head and fall to the ground.  He's also hit a staff member with a towel.  He has placed a towel around another patient's neck, before the staff person told him to stop. He's also had to have been given sedating medication several times for his agitation.  And just general menacing and threats toward staff.  And he's also had to have been put in restraints as well at times.

Tr. p. 8.  Dr. Pollack further testified that A.A. was diagnosed with schizophrenia, has been responding to internal stimuli, has been talking and laughing to himself, and has delusions.  He also stated that A.A. has been non-

compliant and has resisted medication. A.A.'s mother testified that A.A. refused to take his medications, that she called the police following a threatening confrontation between A.A. and his brother, and that she feared for her own safety after an incident during which A.A. threatened her and her grandson with a fork in the kitchen. Absent from the record is evidence about A.A.'s behavior when he is taking medication. In sum, the evidence presented established that A.A.'s presence would have been injurious to his mental health or well-being.

[13] The statute provides a practical way for a trial court to deal with a respondent whose presence at the hearing would be injurious to himself[3]—but the statute does not address the timing of the trial court's right to waive the respondent's presence. As a matter of first impression, we hold that, in the future, if the respondent is not present at the hearing, the trial court's determination of whether it should waive the respondent's presence must be made at the outset of the hearing. To make that determination, evidence must be presented to the trial court establishing that the respondent's presence would be injurious to his mental health or well-being. In other words, evidence must address the specific components of the statute. This evidence may incorporate by reference

---

[3] The parties suggested in the candid oral argument that, if a respondent's presence would be injurious to himself at the hearing, a video conference might alleviate the problem, allowing the respondent to remain under care while still participating in the hearing.

documents such as the application for emergency detention, the report following emergency detention, and the physician's statement.

[14] We note that in civil commitment cases, a respondent's presence is central to the commitment hearing. By being present, a respondent has the opportunity to share with the trial court any concerns he may have, whether it be about specific medications, method of taking medications, or other special matters. We therefore prompt trial courts, counsel, and caregivers to invoke Indiana Code section 12-26-2-2(b) only when the waiver of the right to be present is truly needed and supported by the evidence.

[15] In this case, the evidence established why A.A. should not have been present at his commitment hearing as well as why he was not, in fact, present. To redo the commitment hearing would not provide any real service to A.A.

[16] The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.