## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2019, 5:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT[1]

William N. Ivers
Stephen J. Peters
David I. Rubin
Plunkett Cooney, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Clinton E. Blanck
Clifford T. Rubenstein
Blanck & Rubenstein, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Theresa Dukes,

*Appellant-Defendant/Counterclaimant,*

v.

Richard T. Mohr,

*Appellee-Plaintiff/Counter-defendant,*

and

John R. Mohr,

*Appellee-Third-Party Defendant,*

January 31, 2019

Court of Appeals Case No.
18A-PL-656

Appeal from the Marion Superior
Court

The Honorable Timothy W.
Oakes, Judge

Trial Court Cause No.
49D02-1709-PL-34211

---

[1] On January 31, 2019, this Court granted the motions of Mr. Ivers, Mr. Peters, and Mr. Rubin to withdraw.

**Mathias, Judge.**

[1] The Marion Superior Court issued an order granting prejudgment possession of a property to Richard Mohr that Mohr owns and Theresa Dukes ("Dukes") leases. Dukes appeals and argues that the trial court's order does not meet the express requirements of the Ejectment Statute, and that the trial court improperly calculated the bond amount she was required to post to maintain possession of the property.

[2] We affirm the trial court's order, but remand with instructions to recalculate Dukes's bond.

## Facts and Procedural History

[3] In November 2014, Dukes began renting a duplex in Indianapolis from Richard Mohr. John Mohr, Richard's father, acted as Richard's agent for the purpose of leasing the property.[2] Dukes expressed interest in eventually purchasing the property. Therefore, pursuant to the terms of the lease agreement, Mohr agreed to give Dukes a "right of first refusal" to purchase the property if Mohr received an offer to purchase from another party. Appellant's App. p. 30.

[4] Dukes and Mohr entered into four extensions of the initial lease. The lease addendums included the terms governing Dukes's right of first refusal. On June 21, 2017, approximately forty days before expiration of the fourth lease

---

[2] Richard and John are referred to collectively throughout this opinion as Mohr.

extension, Mohr sent Dukes a letter stating their intention to sell the property. Mohr informed Dukes that she could purchase the property for $82,000. Dukes did not believe the property was worth that amount based on the sale of the adjoining duplex and certain existing defects. Therefore, she did not accept Mohr's offer to sell the property to her for $82,000.

Dukes refused to vacate the property on July 31, 2017, the date the fourth lease extension ended. Approximately five days later, Mohr filed eviction proceedings in small claims court. Dukes appealed the small claims judgment against her, and the Marion Superior Court assumed jurisdiction over the case. On September 29, 2017, Mohr filed a "Verified Replead Complaint" against Dukes requesting immediate possession of the premises and damages. In her answer and counterclaim, Dukes alleged that she was not served with notice of the eviction proceedings filed in small claims court. Dukes also requested damages, possession of the property, and argued that Mohr breached his agreement to sell the property to her.

Mohr filed a request for prejudgment possession of the property, and the trial court held a hearing on the motion on February 20, 2018. The trial court granted Mohr's motion and determined that he would be required to post a bond in the amount of $5,000. One week later, the trial court issued the following order:

> 1. Having considered the pleadings, evidence, and testimony presented by all parties present, the Court determines with reasonable probability that Plaintiff Richard T. Mohr

("Landlord"), is entitled to pre-judgment possession, use, and enjoyment of the property located at 1307 Norfolk Circle, Indianapolis, IN 46224 ("Leased Premises").

2. Therefore, on or before March 18, 2018 at 5:00 p.m., Tenant, or any such person claiming under or through Tenant, in possession of Leased Premises, shall PEACEABLY SURRENDER to Landlord and VACATE the Leased Premises as described and set forth in the Lease Agreement attached to the Complaint and hereby incorporated by reference herein, . . .

***

5. Before the Landlord may recover possession, pursuant to I.C. 32-30-3-6, the Landlord shall file with this Court a written undertaking in the amount of Five Thousand Dollars ($5,000.00), executed by a surety approved by the Court.

6. Pursuant to I.C. 32-30-3-7, once the Landlord files his written undertaking, Tenant shall have the right (a) to except to the Landlord's surety, or (b) to file a written undertaking for the repossession of the Leased Premises.

[Choose 7A or 7B]

7A. Pursuant to I.C. 32-30-3-8, in order to maintain possession of the Leased Premises, after the Landlord files his undertaking, Tenant may file with the Court her written undertaking signed by a surety approved by the Court in the amount of $29,750.00, which amount is determined by the Court that is sufficient to assure the payment of costs assessed against the Tenant for the wrongful detention of the Leased Premises. Such undertaking shall be filed with the Court on or before March 18, 2018 at 5:00 p.m. Such amount has been determined by the Court as the total

of (a) past due rent from August 2017–February 2018, (b) continuing rent from March 1, 2018 through the end of this case, which will be tried by a jury trial, (c) Landlord's attorney fees through the date of this Order, (d) Landlord's attorney fees through the end of this case, (e) late fees and (f) real estate taxes, insurance and repair expenses through the end of this case . . .

7B. Pursuant to I.C. 32-30-3-8, in order to maintain possession of the Leased Premises, after the Landlord files his undertaking, Tenant may file with the Court her written undertaking signed by a surety approved by the Court in the amount of $15,000.00, which amount is determined by the Court that is sufficient to assure the payment of costs assessed against the Tenant for the wrongful detention of the Leased Premises. Such undertaking shall be filed with the Court on or before March 18, 2018 at 5:00 p.m. Such amount has been determined by the Court as a total of (a) past due rent from August 2017–February 2018, (b) Landlord's attorney fees through the date of this Order, (c) Landlord's attorney fees through the end of this case. . . . In addition to filing the written undertaking in the amount of $15,000.00, until a final judgment of this Court on possession, the lease shall continue pursuant to Paragraph 21 of the lease which provides that as a holdover tenant, the lease shall be extended on a month-to-month basis under the same terms in the lease except that Tenant's monthly rent shall be $825.00 per month. Beginning March 1, 2018 and continuing on the first day of each month thereafter until a final Court decision[], Tenant shall pay to Landlord the monthly rent of $825.00 in accordance with the terms of the lease.

Appellant's App. pp. 11–13. Dukes now appeals.[3]

---

[3] On Mohr's motion, the trial court suspended the March 18, 2018 deadline for Dukes to surrender and vacate the leased premises "until further order of the Court." Appellant's App. pp. 164–65.

# The Ejectment Statute

[7] Dukes argues that the trial court erred when it granted Mohr prejudgment possession of the property before requiring him to post a "proper bond." Appellant's Br. at 14–15. Mohr agrees that the trial court's order "lays out a sequence of events different from that suggested by the Ejectment Statute," but the court's order does not award him immediate possession of the property without posting a bond. Appellees' Br. at 8. Therefore, Mohr argues that Dukes was not prejudiced by the trial court's failure to follow the precise language of the ejectment statute.

[8] "Ejectment is an action to restore possession of property to the person entitled to it." *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008) (citing BLACK'S LAW DICTIONARY 516 (6th ed. 1990)). The trial court may issue a prejudgment order of possession after holding a hearing, considering the pleadings, evidence, and testimony presented at the hearing, and determining "with reasonable probability which party is entitled to possession, use, and enjoyment of the property." Ind. Code § 32-30-3-5(a). However,

> A court may not issue an order of possession in favor of a plaintiff other than an order of final judgment until the plaintiff has filed with the court a written undertaking in an amount fixed by the court and executed by a surety to be approved by the court binding the plaintiff to the defendant in an amount sufficient to assure the payment of any damages the defendant may suffer if the court wrongfully ordered possession of the property to the plaintiff.

Ind. Code § 32-30-3-6.

[9]     The next section establishes the contents of the order of possession for the property at issue. Specifically, section 32-30-3-7 provides:

> The court shall direct the order of possession to the sheriff or other officer charged with executing the order and within whose jurisdiction the property is located. The order of possession must:
>
> (1) describe the property;
>
> (2) direct the executing officer to:
>
>> (A) seize possession of the property unless the court issued the order without notice to the parties; and
>>
>> (B) if the defendant has not filed a written undertaking as provided in section 8 of this chapter, put the plaintiff in possession of the property by removing the defendant and the defendant's personal property from the property;
>
> (3) have attached a copy of any written undertaking filed by the plaintiff under section 6 of this chapter; and
>
> (4) inform the defendant of the right to except to the surety upon the plaintiff's undertaking or to file a written undertaking for the repossession of the property as provided in section 8 of this chapter.

[10]    Finally, section 8 provides a mechanism for the defendant to maintain or return to possession of the property.

> (a) Before the hearing on the order to show cause or before final judgment, and within the time fixed in the order of possession, the defendant may require the return of possession of the property by filing with the court a written undertaking executed by a surety to be approved by the court stating that the defendant is bound in an amount determined by the court sufficient to

assure the payment of costs assessed against the defendant for the wrongful detention of the property.

(b) If a defendant files an undertaking under this section, the defendant shall:

>(1) serve a notice of filing the undertaking on the executing officer and the plaintiff or the plaintiff's attorney; and

>(2) file with the court proof of service of the notice of filing the undertaking.

(c) If a defendant files an undertaking before the hearing on the order to show cause, the court shall terminate the hearing unless the plaintiff takes exception to the surety.

(d) If the property is in the possession of the executing officer when the defendant files the undertaking, the court shall return possession of the property to the defendant not more than five (5) days after service of notice of the filing of the undertaking on the plaintiff or the plaintiff's attorney.

Ind. Code § 32-30-3-8.

[11] The trial court's order awarded possession to Mohr before he had posted the bond contrary to Indiana Code section 32-30-3-6. However, pursuant to paragraph number 5 of the trial court's order, Mohr was required to post a proper bond before he was entitled to prejudgment possession of the property. Appellant's App. p. 12. Therefore, Mohr was required to file his bond before they could claim possession of the property on March 18, 2018.

[12] Dukes contends that allowing the trial court to award possession to the plaintiff before he or she posts the appropriate bond "could effectively circumvent the other protections of the Ejectment Statute, which favor continued possession by

the defendant." Reply Br. at 8. However, Dukes does not claim that she was specifically harmed by the trial court's failure to require Mohr to post a bond before awarding prejudgment possession of the property to them. And Dukes was provided with the opportunity to object to and present evidence opposing Mohr's request for prejudgment possession of the property. For these reasons, we agree with Mohr that "the protections of the statute are still present and the end result" occurred as prescribed by the Ejectment Statute. *See* Appellees' Br. at 8.

## Calculation of the Bond

[13] Dukes also argues that the trial court erred when it calculated her bond amount, and Mohr agrees that the calculation is incorrect.[4] The trial court's calculation of Dukes's bond amount included Mohr's damages in the event that the court ultimately determines that Dukes was in wrongful possession of the property. However, Indiana Code section 32-30-3-8 provides that the defendant's bond is an "amount determined by the court sufficient to assure the **payment of costs assessed** against the defendant for the wrongful detention of the property." (Emphasis added). The statute does not include the plaintiff's damages in the calculation of the defendant's bond amount.

---

[4] Dukes also complains that the trial court improperly calculated Mohr's bond amount, but she does not support her claim with cogent argument, and therefore, the issue is waived. Ind. Appellate Rule 46(A)(8)(a).

Mohr agrees that Dukes was ordered to pay one of two bond amounts, i.e. either $29,750.00 or $15,000.00, that "are more akin to damages suffered" than an amount sufficient to assure the payment of costs. *See* Appellees' Br. at 9; I.C. § 32-30-3-8. Mohr concurs that the trial court considered potential damages suffered including attorney fees when it set Dukes's alternative bond amounts. Appellant's App. pp. 12–13; *see also R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 458 (Ind. 2012) (explaining that "costs" is a term of art that does not include attorney fees). We therefore remand this case to the trial court with instructions to determine a proper bond amount under Indiana Code section 32-30-3-8 that Dukes must post to remain in possession of the property.

## Conclusion

Although the trial court failed to follow the precise statutory framework of the Ejectment Statute when it issued the order in this case, Dukes was not harmed by the court's order awarding prejudgment possession to Mohr before he posted bond. However, the trial court erred in its calculation of the bond amount Dukes must post to retain possession of the property. We therefore remand this case to the trial court for a proper calculation of Dukes bond under Indiana Code section 32-30-3-8.

Affirmed and remanded in part for proceedings not inconsistent with this opinion.

Bailey, J., and Bradford, J., concur.