## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 09 2019, 8:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Troy R. Ashley
Anderson, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Troy R. Ashley,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Janet Christie,<br>*Appellee-Defendant.* | October 9, 2019<br><br>Court of Appeals Case No.<br>19A-SC-479<br><br>Appeal from the Henry Circuit<br>Court<br><br>The Honorable David L. McCord,<br>Judge<br><br>Trial Court Cause No.<br>33C03-1811-SC-880 |

**Najam, Judge.**

## Statement of the Case

[1]     Troy R. Ashley appeals the small claims court's judgment for Janet Christie following an evidentiary hearing.  Ashley raises three issues for our review,

which we consolidate and restate as the following dispositive issue: whether the court erred when it entered judgment for Christie. We affirm.

## Facts and Procedural History

Around late summer or early fall of 2018, Ashley met Christie on an online dating site. At the time, Ashley owned a 1990 Chevrolet truck with more than 235,000 miles on it. After Ashley and Christie had dated for a few weeks, Ashley agreed to title the truck in Christie's name. Thereafter, he wrote a letter to his insurance company stating that he no longer owned the truck because he had sold it to Christie.

After the two had ceased dating, Ashley filed a notice of claim with the small claims court. In his notice, Ashley alleged that he was the rightful owner of the truck. Ashley demanded either that Christie return the truck to him or that she pay him $2,700 for the truck.

The court held an evidentiary hearing on Ashley's claim, at which both Ashley and Christie appeared. Ashley testified that he and Christie had an oral agreement for her to have the truck for a little while to assist her in getting to and from work but that she would then return the truck to him. According to Ashley, he titled the truck in Christie's name pursuant to that agreement.

Christie, however, testified that Ashley had given the truck to her as a gift. And, when the court asked Ashley if he had written a letter to his insurance company stating that he had transferred the truck to Christie, Ashley

responded, "Yeah." Tr. Vol. II at 11. The court then entered judgment for Christie, and this appeal ensued.

## Discussion and Decision

[6] Ashley appeals the trial court's judgment for Christie. As our Supreme Court has explained:

> We review the facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility under the clearly erroneous standard. This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between parties according to the rules of substantive law. . . .
>
> As a preliminary matter, we observe that [the appellee] has not filed a brief. Under that circumstance, we do not undertake to develop an argument on the appellee's behalf, but rather may reverse upon an appellant's *prima facie* showing of reversible error. *Prima facie* error in this context is defined as, "at first sight, on first appearance, or on the face it."

*Morton v. Ivacic*, 898 N.E.2d 1196, 1198-99 (Ind. 2008) (cleaned up). Under our clearly erroneous standard of review, we consider whether the evidence supports the findings and whether the findings support the judgment. *See, e.g.*, *Town of Brownsburg v. Fight Against Brownsburg Annexation*, 124 N.E.3d 597, 601 (Ind. 2019). We will not reweigh the evidence or determine the credibility of the witnesses. *Id.*

[7]     As an initial matter, we note that Ashley frames his appeal around Indiana Trial Rule 60(B). But Ashley did not file a post-judgment, Rule 60(B) motion for relief from judgment in the trial court. Instead, he immediately pursued this appeal. As there was no motion or judgment under Trial Rule 60(B) in the trial court, we disregard Ashley's incorrect characterization of this appeal.

[8]     On the merits of his appeal, Ashley asserts that the trial court erred in the admission of evidence. Our trial courts have broad discretion in the admission of evidence, and we review those decisions only for an abuse of that discretion. *See, e.g.*, *Fansler v. State*, 100 N.E.3d 250, 253 (Ind. 2018). An abuse of discretion occurs "only where the decision is clearly against the logic and effect of the facts and circumstances" before the trial court. *Id.*

[9]     First, Ashley asserts that the trial court erroneously refused to admit vehicle-maintenance records he had submitted to show that he had maintained the truck. But the only page of those records that is included in the record on appeal shows that Ashley paid for maintenance on the truck in early September of 2018.[1] There was no dispute that Ashley owned the truck around the time of that maintenance, and so there was no relevance to that record. Accordingly, the trial court did not err in refusing to consider it.

---

[1] In his brief, Ashley asserts that there are other maintenance records. However, having not included those records in the record on appeal, we have no way of determining their prejudicial value, if any, assuming for the sake of argument that the trial court even erred in excluding those records. Accordingly, Ashley has not met his burden on appeal to demonstrate any error based on those additional records.

Second, Ashley asserts that the trial court erred when it accepted into evidence submissions offered by Christie. But Ashley did not object to the admission of that evidence in the trial court. Instead, he conceded that Christie's evidence at least in part correctly showed that he had, in writing, informed his insurance company that he had transferred ownership of the truck to Christie. There is no error on this issue.

Third, Ashley asserts that the trial court erroneously entered judgment for Christie because Ashley's submitted evidence and testimony is "sufficient" to support judgment for him. Appellant's Br. at 7. Be that as it may, Ashley's request is for this Court to reweigh the evidence and credibility of the witnesses, which we will not do. The trial court's judgment is supported by Christie's testimony and Ashley's concession regarding his writing to the insurance company, and we cannot say the court erred when it gave controlling weight to that evidence instead of the evidence Ashley prefers.

Finally, Ashley asserts that Christie has been unjustly enriched by being allowed to keep the truck. But this argument is derivative of his above arguments. That is, having concluded that the trial court did not err in entering judgment for Christie, we likewise cannot say that Christie has been unjustly enriched. Accordingly, we affirm the court's judgment for Christie.

Affirmed.

Bailey, J., and May, J., concur.