## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 07 2020, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
|---|---|
| Lilian Ortiz | Frederick A. Roetter |
| Avon, Indiana | Travelers Staff Counsel Indiana |
| | Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lilian Ortiz, | December 7, 2020 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 20A-SC-983 |
| v. | Appeal from the Marion Small Claims Court |
| Milestone Contractors, | The Honorable Cheryl A. Rivera, Judge |
| *Appellee-Defendant.* | Trial Court Cause No. 49K04-1911-SC-4626 |

**Najam, Judge.**

## Statement of the Case

[1]    Lilian Ortiz appeals the small claims court's judgment in favor of Milestone Contractors ("Milestone") on her complaint for negligence. Ortiz raises one

issue for our review, namely, whether the small claims court erred when it entered judgment for Milestone.

[2] We affirm.

## Facts and Procedural History

[3] On October 14, 2017, Milestone was working on a construction project on an exit ramp off of I-65. That same night, Ortiz was driving northbound on I-65. Shortly after 2:00 a.m., and approximately one-quarter mile south of the exit ramp where Milestone was working, "something really hard" hit Ortiz's vehicle. Tr. at 16. Ortiz did not see the object, but it "smashed and bent" the front of her car and broke the fuel line. *Id*. Ortiz's vehicle immediately stopped working, and she pulled her car to the side of the interstate.

[4] On November 6, 2019, Ortiz filed a notice of summons and complaint in the small claims court. In that complaint, Ortiz asserted that Milestone had negligently left a piece of "construction material" on the road, which negligence resulted in damage to her vehicle and exacerbated a pre-existing medical condition. Appellant's App. Vol. 2 at 18. The damage to her vehicle, corresponding expenses, and medical bills totaled $3,000.

[5] The small claims court held a bench trial on January 28, 2020. During the trial, Ortiz testified that she did not see the object she hit. The supervising contractor for Milestone then testified that the exit ramp that was under construction was closed to traffic and that no work was being done south of that exit at the time

Ortiz hit the object. Following the hearing, the court entered a general judgment in favor of Milestone.[1] This appeal ensued.

# Discussion and Decision

[6] Ortiz appeals the small claims court's judgment for Milestone.[2] As our Supreme Court has explained:

> We review the facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility under the clearly erroneous standard. This deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between parties according to the rules of substantive law.

*Morton v. Ivacic*, 898 N.E.2d 1196, 1198-99 (Ind. 2008) (cleaned up).

[7] On appeal, Ortiz asserts that the small claims court erred when it entered judgment in favor of Milestone on her complaint for negligence. To succeed on her complaint, Ortiz was required to demonstrate that Milestone owed her a

---

[1] Prior to the hearing, Milestone filed a motion to dismiss Ortiz's complaint and asserted that Ortiz had filed the complaint outside of the statute of limitations. The court heard argument on that motion at the bench trial and took the matter under advisement. The court did not specifically rule on Milestone's motion when it entered its judgment in favor of Milestone. Ortiz then filed a motion to correct error in which she maintained that she had timely filed her complaint. The court denied her motion to correct error on the ground that it had rendered a judgment "based on the merits of the case [and] not Defendant's Motion to Dismiss." Appellant's App. Vol. 2 at 9. The court then amended its order and explicitly denied Milestone's motion to dismiss. *See id.* at 7.

[2] Ortiz has filed a motion to amend in which she asked to change one sentence in her brief and to supplement the record with certain photographs. In a separate order, we have granted the motion as to her request to amend the brief but denied it as to her request to supplement the record.

duty, that it breached that duty by allowing conduct to fall below the applicable standards of care, and that Milestone's breach of duty proximately caused her compensable injuries. *See King v. Ne. Sec., Inc.*, 790 N.E.2d 474, 484 (Ind. 2003).

[8] Ortiz specifically alleges that Milestone owed her a duty to keep the "lanes clear of obstacles that could cause accident to any driver[.]" Appellant's Br. at 14. She also asserts that Milestone breached that duty "when it did not make sure the lanes that were open to the public were clear of obstructions that could cause an accident." *Id*. And she contends that that breach caused the damage to her car and other resulting expenses. We cannot agree.

[9] The evidence most favorable to the small claims court's judgment demonstrates that Milestone was doing construction on an exit ramp that was closed to traffic and that was located at least one-quarter mile north of where Ortiz hit the object. And the evidence demonstrates that Milestone was not doing any construction work south of the exit ramp at that time. We acknowledge that a contractor performing work on a public highway has a duty to the traveling public to take proper precautions to protect it from a dangerous obstruction created by his own acts on that highway. *See Koroniotis v. LaPorte Transit, Inc.*, 397 N.E.2d 656, 659 (Ind. Ct. App. 1979). But Ortiz did not present any evidence to demonstrate that the object she hit was created by Milestone's actions or omissions or that the object was otherwise connected to its construction project. Indeed, Ortiz testified that she did not see the object, and she was only able to describe it as "something really hard." Tr. at 16

[10] In other words, the evidence most favorable to the judgment shows that Ortiz hit an unidentified object outside of Milestone's construction area. That evidence supports an inference that the area where the incident occurred was not under Milestone's control and, thus, that Milestone did not cause Ortiz's injury. It was Ortiz's burden to show that it was more likely than not that Milestone's act or omission was the cause in fact of the damages she claims. She did not meet that burden. We therefore cannot say that the small claims court clearly erred when it entered judgment in favor of Milestone on Ortiz's complaint, and we affirm the court's judgment.

[11] Affirmed.

Riley, J., and Crone, J., concur.