FILED

Nov 14 2023, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Andrew T. Thomas
Blair N. Hedges
Cristin L. Just
Indiana Legal Services
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE

Fran Quigley
Health and Human Rights Clinic Indiana
University
Robert H. McKinney School of Law
Indianapolis, Indiana

Adam Mueller
Indiana Justice Project
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| Mackenzie Taft, | November 14, 2023 |
|---|---|
| *Appellant-Defendant,* | Court of Appeals Case No. 23A-EV-877 |
| v. | Appeal from the Marion County Center Township Small Claims Court |
| Marilea Piper, | The Honorable Jonathan P. Sturgill, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49K01-2303-EV-1184 |

**Opinion by Judge Bailey**
Judges May and Felix concur.

**Bailey, Judge.**

# Case Summary

Mackenzie Taft appeals the small claims court's judgment for Marilea Piper on Piper's complaint for eviction. Taft raises three issues for our review; however, we find one issue to be dispositive: whether the small claim's court denied her due process rights when it granted relief on Piper's complaint. We reverse.

# Facts and Procedural History

Piper owns a property on Webb Street in Indianapolis. Piper lives in Florida, and her son resides in the Indianapolis property. According to Piper's allegation, in October 2022, Taft rented a room from Piper's son, but Taft and Piper's son did not execute a lease agreement. When she moved in, Taft

brought several cats and a dog with her. On March 20, 2023, Piper filed a Notice of Claim for emergency possession with the small claims court. In her supporting affidavit, Piper alleged that Taft was "verbally abuse" to Piper's grandchildren and that Taft possessed a "pit bull" that was not covered by her homeowner's insurance. Appellant's App. Vol. 2 at 7.

[3] Three days later, the small claims court held a hearing on Piper's Claim. During the hearing, Piper, who appeared pro se, asserted that Taft was "antagonizing" Piper's grandchildren. Tr. at 8. She also stated that the garage smelled "foul" because of Taft's cats and that Taft's dog "growl[ed]" at her. *Id.* at 9. After Piper had finished her testimony, Taft's attorney argued that the allegations were untrue but that, even if they were true, they "would not constitute sufficient grounds for an emergency eviction[.]" *Id.* at 10. Taft then proceeded to testify that her dog is not a Pitbull but an American Bulldog, that the dog is "not aggressive," and that the dog stays in her room. *Id.* at 11. She also testified that she has three litter boxes for the cats in the garage that she cleans "every day." *Id.* at 12. She further testified that the smell from the garage is a result of rats that live in a broken-down car. And she testified that she has never damaged anything or "physically or mentally harmed anybody." *Id.* at 13.

[4] At the conclusion of Taft's testimony, the court determined that Piper's petition did not "warrant an emergency eviction." *Id.* at 16. However, the court pointed out that Taft did not have a lease and, as such, that she did not have "any entitlements or rights to stay there[.]" *Id.* The court then stated that it

would not "consider this an emergency eviction" but was "considering this just as a traditional possession case." *Id.* At that point, Taft's attorney argued that, because Taft did not have a lease, she was "by default month-to-month" and entitled to thirty days' notice prior to an eviction filing. *Id.* The court stated: "You're right." *Id.* at 17.

[5] Taft then requested that the court dismiss Piper's Claim, but the court denied Taft's motion. In particular, the court determined that Taft had been given notice of Piper's intent to reclaim the property on March 20 when Piper had filed her Notice of Claim. The court then stated that it was giving Taft "thirty days and if she is not out by then, then possession will be awarded to" Piper. *Id.* Accordingly, the court set a "regular traditional possession hearing" for April 20, thirty days after Piper had filed her notice. *Id.*

[6] Taft's attorney attempted to confirm the time of the April 20 hearing, and the court then stated:

> How about that. That's what I am going to do so that we don't have to come back here. I am going to grant possession as of the 30th.[1] So you have a right to be out of there. If you are not out of there by the 30th, she has a right to seek enforcement of the order.

---

[1] It is not clear, but it appears as though the court's reference here to the "30th" meant the thirtieth day after Piper had filed her notice, not April 30.

*Id.* at 18.[2] Taft objected and requested a hearing in order to have an opportunity to present "traditional defenses." *Id.* The court responded that Taft "has no lease," and then granted Piper possession as of April 24. This appeal ensued.

# Discussion and Decision

[7] Taft appeals the small claims court's judgment in favor of Piper. As a preliminary matter, we observe that Piper has not filed an appellee's brief. Where an appellee fails to file a brief, we do not undertake to develop arguments on that party's behalf; rather, we may reverse upon a prima facie showing of reversible error by the appellant. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). Prima facie error is error "at first sight, on first appearance, or on the face of it." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). This "prima facie error rule" relieves this Court from the burden of controverting arguments advanced for reversal, a duty which remains with the appellee. *Simek v. Nolan*, 64 N.E.3d 1237, 1241 (Ind. Ct. App. 2016).

---

[2] Taft filed a motion to correct the transcript in which she asserted that the transcript was "incomplete." Appellant's App. Vol. 2 at 11. In particular, she contended that, between her counsel's request to clarify the time and the court's statement, there was a conversation between the court and the bailiff and that the court's statement was in response to comments by the bailiff. She further asserted that the comments by the bailiff are important because the bailiff "advise[d] the judge how to rule, and the judge then rule[d] as suggested by the bailiff." *Id.* at 12. The court reporter then submitted an affidavit and stated that, after a review of the recording, "what is being said . . . is not audible" and that she was "unable to determine who was speaking, what was said[,] and who the conversation was directed to." *Id.* at 18. She then affirmed that the transcript was "true, complete and accurate." *Id.* Accordingly, the court denied Taft's motion to correct the transcript.

[8] Taft contends that the small claims court denied her due process rights when it granted relief on Piper's Claim. In general, judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). When we review claims tried by the bench without a jury, we will not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). "But this deferential standard does not apply to the substantive rules of law," which we review de novo just as we do appeals from a court of general jurisdiction. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Taft's arguments present questions of law, which we review de novo. *See Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008).

[9] Here, Piper filed a Claim for emergency possession of her property. A petition for emergency possession must:

> (1) include an allegation specifying
>
> > (A) the violation, act, or omission caused or threatened by a landlord or tenant; and
> >
> > (B) the nature of the specific immediate and serious
> >
> > > (i) injury;
> > >
> > > (ii) loss; or

> > (iii) damage;

> > > that the landlord or tenant has suffered or will suffer if the violation, act or omission is not enjoined.

Ind. Code § 32-31-6-4 (2023).

[10]   In her Notice of Claim, Piper alleged that Taft was verbally abusive to children and that she had a dog not covered by insurance. At a hearing three days after Piper had filed her notice, the court heard testimony from both parties and ultimately concluded that Piper's petition "doesn't warrant an emergency eviction." Tr. at 16. As such, the court stated that, while it would not consider this "an emergency action," it was "considering this just a traditional possession case." *Id*. The court then began to set the matter for a hearing thirty days from the date Piper had filed her notice but ultimately granted Piper possession of her property as of April 24.

[11]   Taft contends that the small claims court violated her due process rights when it changed the hearing from a hearing on Piper's notice for emergency possession to a standard eviction proceeding. In particular, Taft contends that the court deprived her of "adequate notice" of the standard eviction proceedings and that the court denied her an opportunity to "prepare defenses and [an] opportunity to be heard on any defense." Appellant's Br. at 20. The Indiana University McKinney School of Law Health and Human Rights Clinic and the Indiana Justice Project, as amici, similarly contend that the practice followed by the small claims court, "where Ms. Taft was ordered to move from her home

without the Court providing the tenant and her counsel an opportunity to defend the claims of a non-emergency possession, reflects the basis for longtime concerns about due process protections in eviction cases[.]" Amici Br. at 5-6. We must agree.

[12] As our Supreme Court has stated:

> The Fourteenth Amendment prohibits any state from depriving any person of "life, liberty, or property, without due process of the law." U.S. Const. amend. XIV, § 1. "Generally stated, due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses." *Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.*, 842 N.E.2d 885, 889 (Ind. Ct. App. 2006). The "opportunity to be heard" is a fundamental requirement of due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Lindsey v. Normet*, 405 U.S. 56, 66, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the Supreme Court explained that this principle includes "an opportunity to present every available defense."

*Morton*, 898 N.E.2d 1196.

[13] Here, when the court changed the hearing from one on Piper's notice of emergency possession to a traditional eviction case—an action that was not requested by Piper—and then immediately ruled in favor of Piper without a hearing, it denied Taft any notice of a nonemergency eviction action, which resulted in Taft not having an opportunity to see any allegations that Piper may have alleged in a nonemergency eviction notice. Further, because Taft did not receive notice of the allegations, she was wholly unable to develop any defenses, let alone present them.

In other words, the court denied Taft all of her due process rights. Indeed, she was not given notice of the nonemergency eviction petition or hearing, she was not given an opportunity to be heard on any nonemergency allegations, and she was not given an opportunity to confront witnesses. In addition, the court deprived her of any opportunity to develop or present any defense to such a claim.

As our Court has recently noted: "We are not insensitive to the realities of small claims courtroom adjudication. Dockets are crowded and litigants are frequently unrepresented by counsel." *Johnson v. Hous. Auth. Of South Bend*, 204 N.E.3d 940, 947 (Ind. Ct. App. 2023). And we are aware that this is especially true in Marion County. However, a crowded docket does not excuse a small claims court from depriving a litigant of her due process rights. And, here, we hold that the small claims court did not just deny Taft any one due process right, it essentially denied her any of her due process rights.

## Conclusion

The small claims court violated Taft's due process rights when it did not give her adequate notice of the hearing on the nonemergency eviction claim and when it did not allow her to prepare and present her defenses.[3] We therefore

---

[3] Because we conclude that the court violated Taft's due process rights, we need not address Taft's additional arguments that the small claims court should have dismissed Piper's notice after it concluded that no emergency existed or that the court did not act in an unbiased manner.

reverse the small claims court's order on Piper's Notice of Claim for emergency possession.[4]

[17]    Reversed.

May, J., and Felix, J., concur.

---

[4] We express no opinion on the merits of any nonemergency eviction action Piper may chose to file.